IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEFORE Brands, Inc. d/b/a SpoonfulONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No._____ |
| | ) | |
| Prollergy Corporation d/b/a Ready, Set, Food!, | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, BEFORE Brands, Inc. d/b/a SpoonfulONE ("SpoonfulONE" or "Plaintiff"), by and through its attorneys, for its complaint against Defendant Prollergy Corporation d/b/a Ready, Set, Food! ("RSF" or "Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products that infringe one or more claims of U.S. Patent No. 9,731,003 ("the '003 Patent" or "the patent-in-suit," attached as Exhibit A) entitled "Mixed Allergen Compositions And Methods For Using The Same." Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patent. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past and continued infringement of this patent.

2. This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing mixed allergen composition products including, but not limited to, RSF's "Stage 3" food mix-in product, comprising nine allergen flours and powders including walnut, peanut, cashew, almond, milk, wheat, and sesame (the "Accused Product").

## THE PARTIES

3. Plaintiff SpoonfulONE is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is located at 125 Willow Road, Suite 200, Menlo Park, CA 94025.

4. Defendant RSF is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is located at 15821 Ventura Boulevard, Suite 450, Encino, Los Angeles, CA 91436.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to personal jurisdiction in this judicial district because it is incorporated in Delaware and because it regularly transacts business in this judicial district by, among other things, selling and offering for sale its mix-in products, including the Accused Product, to customers located in this judicial district. Defendant has committed acts of infringement of one or more claims of the patent-in-suit in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendant is incorporated in this district.

## FACTUAL BACKGROUND

8. Since 2015, SpoonfulONE has been a leading provider of nutritional products intended to protect babies from developing a food allergy. The company's products are incorporated into the diet of infants around four months of age as part of solid food introduction, enabling families to provide balanced, gentle, and consistent immune system training to their infants.

9. SpoonfulONE owns or has rights to multiple patents and pending patent applications directed to mixed allergen compositions. SpoonfulONE is diligent in protecting and enforcing its intellectual property.

10. Plaintiff sells its products under the brand name SpoonfulONE.

11. SpoonfulONE products have been on the market since 2017.

12. On information and belief, Defendant RSF began operations on or about 2018, and launched its Stage 3 mix-in product in March 2021.

13. Defendant promotes, offers for sale, and sells its allergen mix-in products online through an Internet website accessible at https://readysetfood.com/ and via Amazon.

14. Defendant's advertisements for the Accused Product state that the Accused Product will "[i]ntroduce the top 9 allergens to your baby mixed into any food they eat" comprising peanut, milk, cashew, almond, walnut, sesame, and wheat.

15. On August 15, 2017, the '003 Patent was duly and legally issued for an invention entitled "Mixed Allergen Compositions And Methods For Using The Same."

16. Dr. Kari Nadeau, one of the world's leading pediatric allergists and immunologists and the Director of the Sean N. Parker Center for Allergy and Asthma Research at Stanford University, is the inventor of the '003 Patent. She is also the co-founder of SpoonfulONE. As the

inventor and co-founder of SpoonfulONE, Dr. Nadeau had the vision to make multi-allergen introduction easy and safe for parents.

17. The '003 Patent is directed to mixed allergen compositions comprising multiple different allergens.

18. The invention of the '003 Patent is advantageous because it is directed to combining multiple flours and powders—including nut allergens, animal allergens, and non-nut allergens—for use in a variety of applications, including combatting food allergies. By combining multiple different allergens, the '003 Patent invention helps combat multiple food allergies in the same composition. Food allergies are an epidemic—to this day, hundreds of people die annually in the United States due to fatal food allergies and billions of dollars are spent per year on healthcare for food allergic reactions. The invention of the '003 Patent helps fight this epidemic.

19. The Board of Trustees of the Leland Stanford Junior University ("Stanford") owns all rights, title, and interest in and to the '003 Patent among other patents and patent applications.

20. SpoonfulONE has a license to the '003 Patent and other intellectual property pursuant to the Second Amended and Restated Exclusive (Equity) Agreement it executed with Stanford on September 24, 2019. SpoonfulONE has an exclusive license in the field of foods and dietary substances.

21. SpoonfulONE's allergen mix-in products practice one or more claims of the '003 Patent.

22. On April 21, 2021, SpoonfulONE sent a letter to Defendant to notify Defendant of SpoonfulONE's intellectual property portfolio and to inform Defendant of its potential infringement of the '003 Patent.

23. Defendant did not respond to SpoonfulONE's April 21, 2021 letter.

24. SpoonfulONE sent a follow-up letter on September 14, 2021 to reiterate the information contained in its previous letter and provide an update on the prosecution of other patents within SpoonfulONE's portfolio.

25. Defendant's counsel responded to SpoonfulONE's September 14, 2021 by stating only that "we do not believe that the Stage 3 formulate infringes," without providing any explanation or support for that position.

26. Defendant has made, used, sold and/or offered for sale within the United States, and/or imported into the United States, allergen mix-in products, including but not limited to the Accused Product, that infringe at least claim 9 of the '003 Patent.

27. SpoonfulONE is being irreparably harmed by Defendant's infringement of its valuable patent rights. Moreover, Defendant's unauthorized infringement of SpoonfulONE's patent rights is threatening the value of this intellectual property because Defendant's conduct results in SpoonfulONE's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,731,003

28. Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29. Defendant's Accused Product infringes at least claim 9 of the '003 Patent.

30. The Accused Product is a mixed allergen composition comprising at least six different flours or powders.

31. The Accused Product contains at least one flour selected from the group consisting of walnut, hazelnut, peanut, cashew, almond, pistachio, and pecan; specifically, the Accused Product contains walnut, peanut, cashew, and almond flours.

32. The Accused Product contains at least one animal powder selected from the group consisting of shrimp, salmon, egg, and milk; specifically, the Accused Product contains milk powder.

33. The Accused Product contains at least one non-nut plant flour selected from the group consisting of wheat, sesame, and oat; specifically, the Accused Product contains wheat and sesame flours.

34. On information and belief, the unit composition of the Accused Product comprises equal parts by protein weight of the following flours or powders: walnut, peanut, cashew, almond, milk, wheat, and sesame.

35. Defendant's acts of direct infringement have caused damage to SpoonfulONE, and SpoonfulONE is entitled to recover from Defendant the damages sustained by SpoonfulONE as a result of Defendant's wrongful acts in the amount subject to proof at trial.  Defendant's infringement of SpoonfulONE's exclusive rights under the '003 Patent will continue to damage SpoonfulONE's business, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, SpoonfulONE prays for judgment as follows:

36. That this Court adjudge and decree that the Defendant has directly and willfully infringed the '003 Patent;

A. That this Court permanently enjoin Defendant and its subsidiaries, affiliates, successors, and assigns and each of their officers, directors, agents, servants, employees, licensees, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from engaging in any acts that constitute infringement of the '003 Patent;

B.	That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to SpoonfulONE as a result of Defendant's infringement;

C.	That this Court, pursuant to 35 U.S.C. § 284, enter an award to SpoonfulONE of such damages as it shall prove at trial against Defendant that are adequate to compensate SpoonfulONE for said infringement, such damages to be no less than a reasonable royalty together with interest and costs;

D.	That this Court assess pre-judgment and post-judgment interest and costs, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E.	That this Court award attorneys' fees pursuant to 35 U.S.C. § 285; and

F.	That SpoonfulONE be awarded such further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

SpoonfulONE demands a trial by jury of all matters to which it is entitled to a trial by jury pursuant to Federal Rule of Civil Procedure 38.

|  |  |
|---|---|
| | */s/ Karen E. Keller* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Elaine H Blais | Karen E. Keller (No. 4489) |
| Louis L. Lobel | Nathan R. Hoeschen (No. 6232) |
| GOODWIN PROCTER LLP | SHAW KELLER LLP |
| 100 Northern Avenue | I.M. Pei Building |
| Boston, MA 02210 | 1105 North Market Street, 12th Floor |
| (617) 570-1000 | Wilmington, DE 19801 |
| | (302) 298-0700 |
| | jshaw@shawkeller.com |
| Alexandra D. Valenti | kkeller@shawkeller.com |
| GOODWIN PROCTER LLP | nhoeschen@shawkeller.com |
| The New York Times Building | *Attorneys for Plaintiff BEFORE Brands* |
| 620 Eighth Avenue | |
| New York, NY 10018 | |
| (212) 813-8800 | |

Dated: December 2, 2021