# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEFORE Brands, Inc. d/b/a SpoonfulONE, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.  21-1706-CFC |
| | ) | |
| v. | ) | |
| | ) | |
| Prollergy Corporation d/b/a Ready, Set, Food!, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPENING BRIEF
## <u>IN SUPPORT OF ITS MOTION TO DISMISS</u>

Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Prollergy*
*Corporation d/b/a Ready, Set, Food!*

Dated:  April 28, 2022

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS .................................................2

STATEMENT OF FACTS .............................................................................................2

I.      THE '003 PATENT ..............................................................................................2

II.     RSF'S   STAGE   3   PRODUCT   AND   THE   CHALLENGED
        STATEMENTS .....................................................................................................4

ARGUMENT ....................................................................................................................5

I.      SPOONFULONE HAS NO STANDING AND NO VIABLE CLAIM
        FOR INFRINGEMENT. .....................................................................................6

        A.     SpoonfulONE Lacks Standing to Sue for Infringement of the
               '003 Patent. ...............................................................................................6

        B.     SpoonfulONE Fails to State a Claim of Direct Infringement of
               the '003 Patent. .........................................................................................7

II.     SPOONFULONE FAILS TO STATE A CLAIM FOR FALSE
        ADVERTISING UNDER THE LANHAM ACT. ............................................9

        A.     SpoonfulONE Lacks Statutory Standing to Bring Its Lanham Act
               Claim. ......................................................................................................10

        B.     The Advertising Material Does Not Constitute False Advertising
               Under § 1125(a)(1)(B). ..........................................................................12

        C.     SpoonfulONE Fails to Allege That the Top 9 Allergens
               Statement Had Even a Tendency to Deceive a Substantial Portion
               of the Intended Audience. ......................................................................14

        D.     SpoonfulONE's Allegations Do Not Tie the Statement from
               Prevent Food Allergies to RSF. .............................................................15

III.    SPOONFULONE FAILS TO STATE A CLAIM UNDER THE
        DELAWARE DECEPTIVE TRADE PRACTICES ACT. ............................16

        A.     SpoonfulONE's Claim Under 6 *Del. C.* § 2532(a)(8) Fails
               Because RSF Did Not Make the Statement on Prevent Food
               Allergies. .................................................................................................17

B.   SpoonfulONE's Claim Under 6 *Del. C.* § 2532(a)(5) Fails Because SpoonfulONE Cannot Show That the FAQ Threatens Irreparable Harm Absent Injunctive Relief...........................................18

C.   SpoonfulONE's Advertising Material Claim Under 6 *Del. C.* § 2532(a)(2) and (3) Fails Because SpoonfulONE Has Not Identified Any Protectable Trade Identification. ................................19

CONCLUSION ..............................................................................................21

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alps South, LLC v. Ohio Willow Wood Co.*,
  787 F.3d 1379 (Fed. Cir. 2015) ........................................................6, 7

*Ancora Techs., Inc. v. Lenovo Grp., Ltd.*,
  2020 WL 4530718 (D. Del. Aug. 6, 2020) ...........................................9

*Bally Total Fitness Holding Corp. v. Liberation Invs., L.P.*,
  2005 WL 3525679 (D. Del. Dec. 22, 2005) .......................................19

*Boston Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019)...............................................7, 15

*Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*,
  2018 WL 5109836 (D. Del. Oct. 18, 2018) .......................................16

*British Telcoms. PLC v. IAC/InteractiveCorp*,
  356 F. Supp. 3d 405 (D. Del. 2019)...........................................15, 16

*CareDx, Inc. v. Natera, Inc.*,
  2019 WL 7037799 (D. Del. Dec. 20, 2019) ................................10, 12

*Del. Solid Waste Auth. v. E. Shore Envtl., Inc.*,
  2002 WL 537691 (Del. Ch. Mar. 28, 2002) ................................20, 21

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) .........................................................7

*Doe v. Del. State Univ. Bd. of Trs.*,
  2021 WL 2036670 (D. Del. May 21, 2021) ......................................18

*Fischbein v. Olson Research Grp., Inc.*,
  959 F.3d 559 (3d Cir. 2020) ..............................................................5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014)............................................................10, 11, 12

*Mammana v. Fed. Bureau of Prisons*,
  934 F.3d 368 (3d Cir. 2019) ..............................................................5

iii

*Mattis v. Pa. Dep't of Corr.*,
  2022 WL 610793 (3d Cir. Mar. 2, 2022)................................................16

*Maya Swimwear, Corp. v. Maya Swimwear, LLC*,
  789 F.Supp.2d 506 (D. Del. 2011).......................................................13

*Mitchell Lane Publrs., Inc. v. Rasemas*,
  2014 WL 4925150 (Del. Ch. Sept. 30, 2014).........................................19, 20, 21

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
  2017 WL 3021066 (D. Del. July 14, 2017).............................................11

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer
  Pharms. Co.*,
  290 F.3d 578 (3d Cir. 2002) ...............................................................15

*Oakwood Labs. LLC v. Thanoo*,
  999 F.3d 892 (3d Cir. 2021) ................................................................5

*Parks LLC v. Tyson Foods, Inc.*,
  863 F.3d 220 (3d Cir. 2017) ................................................................13, 20

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
  2021 WL 2188219 (D. Del. May 28, 2021) ............................................18

*Shure Inc. v. ClearOne, Inc.*,
  2020 WL 2839294 (D. Del. June 1, 2020) .............................................10, 14

*Wright v. Portfolio Recovery Affiliates*,
  2011 WL 1226115 (D. Del. Mar. 30, 2011) ...........................................18

**STATUTES & RULES**

Lanham Act (15 U.S.C. § 1125(a)(1)(B)).................................................2, 12, 13, 14

Delaware Deceptive Trade Practices Act (6 *Del. C.* § 2531 *et seq.*)...................2, 16

6 *Del. C.* § 2532(a)(2) and (3).............................................................19, 20, 21

6 *Del. C.* § 2532(a)(5) .......................................................................17, 18, 19

6 *Del. C.* § 2532(a)(8) .......................................................................17

Fed. R. Civ. P. 12(b)(6).......................................................................10

**OTHER AUTHORITIES**

Food Allergen Labeling and Consumer Protection Act of 2004, Pub. L. No. 108-282, § 202(2)(A), 118 Stat. 891, 906 ..........................................................14

Food Allergen Labeling and Consumer Protection Act of 2004, Pub. L. No. 108-282, § 203(c), 118 Stat. 891, 908 (amending 21 U.S.C. § 321)..................14

## **PRELIMINARY STATEMENT**

Defendant Prollergy Corporation d/b/a Ready, Set, Food! ("RSF") is a startup company dedicated to helping prevent food allergies in children through early introduction of common food allergens.  In 2021, Plaintiff BEFORE Brands, Inc. d/b/a SpoonfulONE ("SpoonfulONE"), a company that also sells products for allergen introduction in children, reached out to RSF about patents owned by Stanford University to which SpoonfulONE holds a field-of-use license.  RSF responded, without having received any claim charts, that it did not infringe the Stanford patent.

SpoonfulONE then filed a Complaint on December 2, 2021 for one count of patent infringement of the Stanford patent.  SpoonfulONE did not formally serve the Complaint on RSF.  Instead, it continued communications with RSF about RSF's statement that it was not infringing Stanford's patent.  Rather than use these discussions to resolve the case, SpoonfulONE used them to file a three-count Amended Complaint.

The Amended Complaint continued to assert infringement of the Stanford patent (without adding Stanford as a party as legally required) and added claims under the Lanham Act and the Delaware Deceptive Trade Practices Act, some of which were premised on statements RSF made in an attempt to resolve SpoonfulONE's patent infringement concerns.  In other words, faced with a weak

patent infringement claim, SpoonfulONE added weak false advertising claims. Despite SpoonfulONE's attempts to search for new claims, none of its claims are legally cognizable, and all should be dismissed by this Court.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 2, 2021, SpoonfulONE filed a single-count Complaint for patent infringement against RSF. D.I. 1 ("Compl."). On February 25, 2022, SpoonfulONE filed a three-count Amended Complaint, the operative pleading. D.I. 6 ("Am. Compl.").[1] The parties stipulated to extend the time for RSF to respond to the Amended Complaint to April 28, 2022. D.I. 9. This is RSF's opening brief in support of its Motion to Dismiss.

## STATEMENT OF FACTS

### I.    THE '003 PATENT

The Board of Trustees of the Leland Stanford Junior University ("Stanford") owns all rights, title, and interest in and to the '003 Patent. Am. Compl. ¶ 20. The '003 Patent is directed to mixed-allergen compositions that are created by combining the flours and powders of different allergens (e.g., nut allergens, animal allergens),

---

[1] In Count I, SpoonfulONE alleges that Stage 3 infringes at least claim 9 of U.S. Patent No. 9,731,003 ("the '003 Patent), entitled "Mixed Allergen Compositions and Methods for Using the Same" and issued on August 15, 2017. Am. Compl. ¶¶ 1, 15, 45–52. In Count II of the Amended Complaint, SpoonfulONE alleges that RSF has engaged in false advertising under the Lanham Act (15 U.S.C. § 1125(a)(1)(B)). *Id.* ¶¶ 3, 53–61. Finally, in Count III, SpoonfulONE alleges that RSF has violated various provisions of the Delaware Deceptive Trade Practices Act ("DTPA") (6 *Del. C.* § 2531 *et seq.*). *Id.* ¶¶ 65–67.

and specifically wherein the unit composition comprises equal parts by protein weight of each flour or powder. *Id.* ¶¶ 18–19.  On September 24, 2019, Stanford and SpoonfulONE entered into an agreement in which SpoonfulONE alleges it obtained an exclusive license in the field of foods and dietary substances, including all rights to make, use, and sell the technology claimed in the '003 Patent; to sublicense the '003 Patent; and to sue for infringement of the '003 Patent. *Id.* ¶ 21.

In March 2021, RSF launched "Stage 3," a mix-in allergen product. *Id*. ¶ 23.  RSF sells Stage 3 on its website, on Amazon.com, and in stores. *Id.* at ¶¶ 24–25.  RSF's Stage 3 product includes nine allergens:  egg, peanut, milk, cashew, almond, walnut, sesame, soy, and wheat.

On April 21, 2021, SpoonfulONE sent a letter to RSF informing RSF of its licensed intellectual property portfolio. *Id.* ¶ 27.  While the Complaint alleges that the April 21, 2021 letter claimed that RSF's Stage 3 product potentially infringed the '003 Patent, the letter contains no allegations of infringement nor any claim chart. *Id.* ¶ 27; Ex. A.  On September 14, 2021, SpoonfulONE sent RSF a follow-up letter, which included information about the publishing of a pending patent application. *Id.* ¶ 29.  The letter again did not contain allegations of infringement nor include any claim chart or any analysis of RSF's products.  Ex. B.  On September 17, 2021, RSF's counsel responded with a letter stating, "[W]e do not believe that the Stage 3

formulation infringes." *Id.* ¶ 30.  SpoonfulONE did not respond to this letter; it filed (but did not serve) its Complaint on December 2, 2021.  Compl.

## II.   RSF'S STAGE 3 PRODUCT AND THE CHALLENGED STATEMENTS

Despite being aware of RSF's Stage 3 product and contacting RSF about the '003 Patent, SpoonfulONE did not raise any concerns about RSF's statements in its Complaint.  Instead, SpoonfulONE engaged in communications with RSF, which it then used in its Amended Complaint.  Am. Compl. ¶¶ 35, 37.

In its Amended Complaint, SpoonfulONE asserts causes of action based on four different categories of statements.  First, at least until December 13, 2021, an "FAQ" page on RSF's website included a statement that "Stage 3 will contain a total of 2 g of protein per week for each allergen with the exception of egg whites.  The egg white protein will be 1g total per week." (the "FAQ").  *Id.* ¶¶ 33–34.  In addition, on Amazon.com, a similar statement appeared in response to a question.  *Id.* ¶ 36.

Second, RSF has stated its Stage 3 product contains the "[t]op 9 allergens" (the "Top 9 Allergens Statement").  *Id.* ¶ 38.  The Top 9 Allergens Statement has appeared on Stage 3 packaging, RSF's official Instagram account, and the Stage 3 product page on Amazon.com.  *Id.*

Third, advertising materials for Stage 3 include (1) an image of the product's package surrounded by pictures of the allergens that Stage 3 contains; (2) the statement "Don't delay, introduce today"; and (3) the opinion "Parenting is hard.

4

Introducing your child to food allergens shouldn't be." (collectively, the "Advertising Material"). *Id.* ¶ 41.

Finally, the website preventallergies.org displayed a chart comparing RSF's Stage 3 product with SpoonfulONE's products. *Id.* ¶ 42. The chart stated that one of SpoonfulONE's products contained only nine allergens when SpoonfulONE alleges the current version contains sixteen allergens. *Id.*

## **ARGUMENT**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fischbein v. Olson Research Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020) (internal quotation marks and citation omitted). In addition, courts "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal quotation marks and citation omitted).

## I.   SPOONFULONE HAS NO STANDING AND NO VIABLE CLAIM FOR INFRINGEMENT.

### A.   SpoonfulONE Lacks Standing to Sue for Infringement of the '003 Patent.

The United States Court of Appeals for the Federal Circuit has "explained that finding that a field of use licensee has standing 'to sue in its own name alone poses a substantial risk of multiple suits and multiple liabilities against an alleged infringer for a single act of infringement.'" *Alps South, LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1384 (Fed. Cir. 2015) (quoting *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1278 (Fed Cir. 2007)), *cert. denied*, 577 U.S. 1102 (2016). Hence, the Federal Circuit has "concluded that [its] standing jurisprudence 'compels an exclusive licensee with less than all substantial rights, *such as a field of use licensee*, to join the patentee before initiating suit.'" *Id.* (emphasis in original) (quoting *Int'l Gamco*, 504 F.3d at 1278) (citing *A123 Sys. v. Hydro-Quebec*, 626 F.3d 1213, 1217 (Fed. Cir. 2010)).

Under the Federal Circuit's "clear rule," SpoonfulONE lacks standing to sue for infringement of the '003 Patent. *Id.* SpoonfulONE is not the owner of the patent and holds a mere field-of-use license to the '003 Patent. *See id.* ¶ 21; *id.* (emphasis added) ("SpoonfulONE has an exclusive license **in the field of foods and dietary substances**, including but not limited to all rights to make, use, and sell the technology claimed in the '003 Patent, to sublicense the '003 Patent, and to institute

6

suit against third parties for infringement of the '003 Patent."). It is **Stanford** that "owns all rights, title, and interest in and to the '003 Patent." Am. Compl. ¶ 20. And because SpoonfulONE has not joined Stanford as a co-plaintiff, it lacks standing to sue for infringement of the '003 Patent. *Alps South*, 787 F.3d at 1384 ("Because the license restricted Alps's rights in the '109 patent to the field of prosthetic products, Alps lacked standing to pursue this litigation without naming AEI as a co-plaintiff."). Accordingly, the Court should dismiss Count I of the Amended Complaint.[2]

### B. SpoonfulONE Fails to State a Claim of Direct Infringement of the '003 Patent.

Even if SpoonfulONE had standing, the Court should dismiss Count I because SpoonfulONE has failed to state a claim of patent infringement. This Court has recognized that, under the Federal Circuit's *Disc Disease* case, "a complaint is 'sufficient under the plausibility standard of *Iqbal/Twombly*' if it (1) names products accused of infringing the asserted patents, (2) includes photographs of the packaging of the accused products, and (3) alleges that the accused products meet every element of at least one claim of the asserted patents." *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 490 n.2 (D. Del. 2019) (quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)). Here, SpoonfulONE's allegations do not satisfy the second or third element of even the *Disc Disease* standard.

---

[2] Discovery may reveal additional standing defects that are not raised here.

SpoonfulONE alleges that Stage 3 infringes "at least claim 9 of the '003 Patent." Am. Compl. ¶¶ 31, 46. Claim 9 requires that "the unit composition" of the mixed-allergen composition "comprise[] equal parts by protein weight of each flour or powder." Am. Compl. Ex. A, at 18–19. SpoonfulONE's allegations, however, are based "on information and belief" and cite no information from any of RSF's products in support of its allegations. *See* Am. Compl. ¶ 51. Nor did any of the pre-suit letters include any such analysis. SpoonfulONE's allegations also ignore that RSF's Stage 3 product contains egg, which SpoonfulONE accepts is present in smaller amounts than other flours, thus rendering claim 9's requirement "equal parts by protein weight" not infringed. Am. Compl. ¶¶ 5, 34. The failure to provide even a most basic infringement analysis compels dismissal.

In addition, although SpoonfulONE alleges without support that "the unit composition of [Stage 3] comprises equal parts by protein weight," *id.*, it contradicts that allegation multiple times; indeed, the ***falsity*** of that allegation is critical to portions of SpoonfulONE's claims under the Lanham Act and the DPTA. *See* Am. Compl. ¶ 54 ("Defendant has made and continues to make false or misleading statements regarding the Accused Product, advertising its Stage 3 product as comprising equal parts by protein weight of walnut, peanut, cashew, almond, milk, wheat, soy, and sesame flours, which Defendant has admitted was false."); *id.* ¶ 63 ("Defendant . . . has falsely advertised and continues to falsely advertise that the

ingredients of the Accused Product as comprising of equal parts by protein weight .

. . .  Defendant has admitted through counsel that the advertised composition of

ingredients is false.").  Such contradictory pleading is insufficient on a motion to

dismiss.  *See Ancora Techs., Inc. v. Lenovo Grp., Ltd.*, 2020 WL 4530718, at *1 (D.

Del. Aug. 6, 2020) (citations omitted).  Because SpoonfulONE has failed to state a

plausible claim of infringement of the '003 Patent, the Court has a second reason to

dismiss Count I of the Amended Complaint.

## II.   SPOONFULONE FAILS TO STATE A CLAIM FOR FALSE ADVERTISING UNDER THE LANHAM ACT.

SpoonfulONE alleges that the Advertising Material, the FAQ, the Top 9

Allergens Statement, and information on preventallergies.org constitute false

advertising under the Lanham Act.  Am. Compl. ¶¶ 53–61.  But SpoonfulONE has

failed to state a Lanham Act claim as to any of the statements, so Count II should be

dismissed in its entirety.

To state a claim for false advertising under the Lanham Act, a plaintiff must

plead facts plausibly showing:

> (1) that the defendant has made false or misleading statements in commercial advertising or promotion as to the defendant's own product or another's;

> (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;

> (3) that the deception is material in that it is likely to influence purchasing decisions;

(4) that the advertised goods traveled in interstate commerce; and

(5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Shure Inc. v. ClearOne, Inc.*, 2020 WL 2839294, at *5 (D. Del. June 1, 2020) (citations omitted), *report and recommendation adopted by* 2020 WL 8258362 (D. Del. June 18, 2020).

### A.  SpoonfulONE Lacks Statutory Standing to Bring Its Lanham Act Claim.

The Lanham Act contains a "statutory standing" requirement.  *See CareDx, Inc. v. Natera, Inc.*, 2019 WL 7037799, at *4 (D. Del. Dec. 20, 2019) (internal quotation marks omitted) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)), *report and recommendation adopted by* 2020 WL 401773 (D. Del. Jan. 24, 2020).[3]  Specifically, "a statutory cause of action under the Lanham Act extends only to plaintiffs whose 'injuries are proximately caused by violations of the statute.'"  *CareDx*, 2019 WL 7037799, at *3 (quoting *Lexmark*, 572 U.S. at 132).  Accordingly, "a plaintiff suing under §1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising."  *Lexmark*, 572 U.S. at 133.  And that direct connection

---

[3] Unlike Article III standing, statutory standing "does not implicate subject-matter jurisdiction."  *CareDx*, 2019 WL 7037799, at *4 (internal quotation marks omitted) (quoting *Lexmark*, 572 U.S. at 134 n.6).  Accordingly, a motion to dismiss for lack of statutory standing is properly considered under Fed. R. Civ. P. 12(b)(6).  *Id.*

"occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.*

Here, although SpoonfulONE purports to allege a cognizable injury (i.e., "loss of sales and goodwill"), Am. Compl. ¶ 44, it alleges no facts supporting even a reasonable inference that any of the challenged statements caused any consumer to withhold trade. SpoonfulONE's allegations under the Lanham Act are entirely conclusory. *Id.* ¶¶ 54–61. SpoonfulONE does not—as it must—connect any of the challenged statements to lost sales or good will. *See Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 2017 WL 3021066, at *4 (D. Del. July 14, 2017) ("There are simply no facts pled that plausibly allege a link between ECC's lost sales or goodwill and Nespresso's [allegedly false] statements about the environmental impact of its capsules."). And SpoonfulONE cannot have the Court fill in the blank. *See id.* ("ECC asks the court to create the entire causal chain linking ECC's injuries to consumer confusion based solely on the allegation that Nespresso's website promotes a purportedly misleading study . . . ."). Nor is it plausible that the Court could fill in the blank. For example, for the Top 9 Allergens Statement, SpoonfulONE has not pled any facts suggesting that it would lose customers because Stage 3 has 9 top allergens when SpoonfulONE alleges its product has 16 allergens. Nor has SpoonfulONE tied the FAQ to any plausible inference of actual lost sales.

Because SpoonfulONE has not alleged any facts supporting proximate cause, and because "proximate cause . . . must be 'adequately alleged at the pleading stage in order for the case to proceed,'" the Court should dismiss SpoonfulONE's Lanham Act claim in its entirety for lack of statutory standing. *CareDx*, 2019 WL 7037799, at *4 (quoting *Lexmark*, 572 U.S. at 134 n.6).

### B.  The Advertising Material Does Not Constitute False Advertising Under § 1125(a)(1)(B).

The United States Supreme Court has explained that "Section 1125(a) . . . creates two distinct bases of liability: false association, §1125(a)(1)(A), and false advertising, §1125(a)(1)(B)." *Lexmark*, 572 U.S. at 122.  Here, SpoonfulONE has brought all of its Lanham Act claims under § 1125(a)(1)(B).  *See* Am. Compl. ¶ 3 ("[T]his is an action for false advertising arising under . . . the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) . . . .").  Section 1125(a)(1)(B) prohibits conduct that, "in commercial advertising or promotion, misrepresents the ***nature***, ***characteristics***, ***qualities***, or ***geographic origin*** of . . . goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1)(B) (emphasis added).

Here, SpoonfulONE's Lanham Act claim concerning the Advertising Material does not belong under § 1125(a)(1)(B).  SpoonfulONE's claim is that "Defendant, throughout its advertisements, has used themes, colors, slogans, and motifs that closely resemble SpoonfulONE's advertisements.  On information and belief, consumers are confused by Defendant's similar branding and conflate the products

12

from the two brands." Am. Compl. ¶ 41; *see also id.* (purporting to display "visual examples of RSF's deliberate mimicking of SpoonfulONE's branding and advertisements in a way that misleads consumers"). Thus, SpoonfulONE's concern is ***not*** that RSF's advertisements misrepresent any feature of a good, service, or commercial activity. Instead, SpoonfulONE's concern is that consumers will see RSF's advertisements, think that they are SpoonfulONE's advertisements, and then mistakenly purchase RSF's products. This is precisely what § 1125(a)(1)(B) ***does not*** embrace:

> "Absent a false statement about geographic origin, a misrepresentation is actionable under § 1125(a)(1)(B) only if it misrepresents the characteristics of the good itself-such as its properties or capabilities. ***The statute does not encompass misrepresentations about the source of the ideas embodied in the object (such as a false designation of authorship)***[.]"

*Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226–27 (3d Cir. 2017) (emphasis added) (quoting *Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 796 F.3d 576, 590 (6th Cir. 2015)); *see also id.* at 227 ("[The plaintiff's] false advertising claim fails because it depends upon the purported false association between [the defendant's] PARK'S FINEST brand and the [plaintiff's] PARKS mark."). And if SpoonfulONE were to instead take the position that its claims actually arise under §1125(a)(1)(A), it has failed to allege any of the elements of trademark infringement as required. *See Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F.Supp.2d 506, 513 (D. Del. 2011).

Because SpoonfulONE's Lanham Act claim concerning the Advertising Material does not belong under § 1125(a)(1)(B), the Court should dismiss that claim.

**C.    SpoonfulONE Fails to Allege That the Top 9 Allergens Statement Had Even a Tendency to Deceive a Substantial Portion of the Intended Audience.**

"[T]o establish a false advertising claim under the Lanham Act, a plaintiff must plead that the statements actually deceived, or had at least a tendency to deceive, a substantial portion of the intended audience." *Shure*, 2020 WL 2839294, at *8 (citing *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011)).  If a plaintiff alleges "literal falsity," that suffices to allege actual deception. *Id.* (citations omitted).

Although SpoonfulONE alleges that the Top 9 Allergens Statement is false, it does not (and cannot) allege that the statement is ***literally*** false.  SpoonfulONE alleges that the Top 9 Allergens Statement is false because Stage 3 does not contain fish or shellfish, which—according to SpoonfulONE—are among "[t]he 'top 9 allergens' as defined by the Food Allergen Labeling and Consumer Protection Act of 2004." Am. Compl. ¶ 39.  The Act, however, refers to 8 "Major" food allergens and thus is irrelevant to the Top 9 Allergens Statement.  Food Allergen Labeling and Consumer Protection Act of 2004, Pub. L. No. 108-282, § 202(2)(A), 118 Stat. 891, 906; *id.* § 203(c), 118 Stat. 891, 908 (amending 21 U.S.C. § 321).  Further, the meaning of "top"—as it is used in the Top 9 Allergens Statement—is ambiguous at

14

best.   And "only an unambiguous message can be literally false."  *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 587 (3d Cir. 2002).

Next, SpoonfulONE has not adequately pled that the Top 9 Allergens Statement actually deceived or even had a tendency to deceive a substantial portion of the intended audience.   It merely pleads, in a conclusory manner, that "Defendant's conduct has caused actual deception or at least a tendency to deceive a substantial portion of consumers who buy such products."  Am. Compl. ¶ 58.  But "[a] complaint must include more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' to survive a motion to dismiss." *Boston Sci.*, 415 F. Supp. 3d at 492 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the Court should dismiss SpoonfulONE's Lanham Act claim concerning the Top 9 Allergens Statement.

### D.    SpoonfulONE's Allegations Do Not Tie the Statement from Prevent Food Allergies to RSF.

SpoonfulONE has not plausibly alleged any theory tying RSF to information on preventallergies.org.  Even the parent-subsidiary context, "[a] parent company is not liable for the actions of its subsidiary solely because of the parent-subsidiary relationship." *British Telcoms. PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 409 (D. Del. 2019) (internal quotation marks and citation omitted).  To hold a parent

liable for its subsidiary's conduct, a plaintiff must allege a theory of vicarious liability, such as the alter ego theory or the agency theory. *Id.*

But here, SpoonfulONE has not alleged any of this. It has not alleged that RSF and preventallergies.org have a parent-subsidiary relationship. It has not alleged that entities are alter egos. All that SpoonfulONE has alleged is that RSF and preventallergies.org are "affiliates." Because SpoonfulONE has not stated a plausible claim tying RSF to statements on preventallergies.org, the "presumption of corporate separateness" prevails. *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, 2018 WL 5109836, at *4 (D. Del. Oct. 18, 2018). Accordingly, the Court should dismiss SpoonfulONE's Lanham Act claim concerning information on preventallergies.org.

For the reasons stated above, the Court should dismiss Count II of the Amended Complaint in its entirety.

## III.   SPOONFULONE FAILS TO STATE A CLAIM UNDER THE DELAWARE DECEPTIVE TRADE PRACTICES ACT.[4]

In Count III of its Amended Complaint, SpoonfulONE alleges several violations of Delaware's Deceptive Trade Practices Act ("DTPA"), 6 *Del. C.* § 2531

---

[4] If the Court dismisses Count I and Count II of the Amended Complaint, it should decline to exercise supplemental jurisdiction over SpoonfulONE's state-law claim in Count III. *See Mattis v. Pa. Dep't of Corr.*, 2022 WL 610793, at *4 (3d Cir. Mar. 2, 2022) (emphasis in original) (internal quotation marks and citation omitted) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state

*et seq.*  Specifically, it alleges that the FAQ violates Section 2532(a)(5), that the Advertising Material violates Sections 2532(a)(2) and (a)(3), and that the information on preventallergies.org violates Section 2532(a)(8).  Am. Compl. ¶¶ 65–67.  Because SpoonfulONE fails to state a claim as to each of these DTPA claims, the Court should dismiss Count III in its entirety.

### A.  SpoonfulONE's Claim Under 6 *Del. C.* § 2532(a)(8) Fails Because RSF Did Not Make the Statement on Preventallergies.org.

Under 6 *Del. C.* § 2532(a)(8), "[a] person engages in a deceptive trade practice when . . . *that person* . . . [d]isparages the goods, services, or business of another by false or misleading representation of fact."  6 *Del. C.* § 2532(a)(8) (emphasis added).  But SpoonfulONE alleges that "Defendant, *through its affiliate*, has made false and disparaging statements regarding [Plaintiff's] products."  Am. Compl. ¶ 67 (emphasis added); *see also id.* at ¶ 42 (alleging that the statement was made at "preventallergies.org").  Thus, under the plain language of Section 2532(a)(8), SpoonfulONE has failed to state a claim; it has not alleged that *RSF* is the entity that disparaged its products.  Nor has SpoonfulONE made any allegations supporting vicarious liability against RSF, as noted above.  Accordingly, the Court should dismiss SpoonfulONE's DTPA claim under 6 *Del. C.* § 2532(a)(8).

---

claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

**B.     SpoonfulONE's Claim Under 6 *Del. C.* § 2532(a)(5) Fails Because SpoonfulONE Cannot Show That the FAQ Threatens Irreparable Harm Absent Injunctive Relief.**

"[R]elief under the DTPA 'is dependent on [the party's] entitlement to injunctive relief.'" *Peloton Interactive, Inc. v. ICON Health & Fitness*, *Inc.*, 2021 WL 2188219, at *5 (D. Del. May 28, 2021) (quoting *Agilent Techs., Inc. v. Kirkland*, 2009 WL 119865, at *10 (Del. Ch. 2009)).  This is "[b]ecause the DTPA is meant to address '"patterns of deceptive conduct," not isolated incidents.'"  *Wright v. Portfolio Recovery Affiliates*, 2011 WL 1226115, at *5 (D. Del. Mar. 30, 2011) (quoting *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 537 (Del. Ch. 2005)).

Here, there is no plausible need for injunctive relief with respect to the FAQ. If SpoonfulONE cannot show irreparable harm, the injunction analysis ends.  *Doe v. Del. State Univ. Bd. of Trs.*, 2021 WL 2036670, at *4 (D. Del. May 21, 2021) ("Because Plaintiff has failed to establish that he would suffer irreparable harm without injunctive relief, this Court need not reach the remaining factors in the four-part analysis.").  Here, SpoonfulONE concedes that the FAQ no longer appears on the "FAQ" page on RSF's website.  Am. Compl. ¶ 34 (emphasis added) (noting that the statement appeared "[a]t least ***until*** December 13, 2021").  And the statement no longer appears on Amazon.com.  Ex. C, at 6–7; Ready, Set, Food!, *Stage 3*, AMAZON, https://www.amazon.com/Ready-Set-Food-Allergen-Introduction/dp/B096LT69PK?ref_=ast_sto_dp&th=1 (last visited Apr. 27, 2022).

Because consumers can no longer access the FAQ, SpoonfulONE cannot show the irreparable harm that it must show to secure injunctive relief. *Cf. Bally Total Fitness Holding Corp. v. Liberation Invs., L.P.*, 2005 WL 3525679, at \*1–2 (D. Del. Dec. 22, 2005) (citation omitted) (concluding that the plaintiff could not show irreparable harm because the defendants had cured the defect before the preliminary-injunction proceeding). And because SpoonfulONE cannot show that it is entitled to injunctive relief, the Court should dismiss SpoonfulONE's DTPA claim under 6 *Del. C.* § 2532(a)(5).

### C.   SpoonfulONE's Advertising Material Claim Under 6 *Del. C.* § 2532(a)(2) and (3) Fails Because SpoonfulONE Has Not Identified Any Protectable Trade Identification.

Under 6 *Del. C.* § 2532(a)(2) and (3),

[a] person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person:

. . .

(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

SpoonfulONE alleges that the Advertising Material violates these paragraphs because it "causes a likelihood of confusion." Am. Compl. ¶ 66.

But merely alleging a likelihood of confusion is not enough. That confusion must be "of a type contemplated by the [DTPA]." *Mitchell Lane Publrs., Inc. v.*

19

*Rasemas*, 2014 WL 4925150, at *8 (Del. Ch. Sept. 30, 2014). Specifically, claims brought under Sections 2532(a)(2) and (3) "are to be based on the 'approval, endorsement, or certification of goods or services caused by *trademarks, service marks, certification marks, or collective marks* likely to be associated with preexisting trade symbols,' or by 'misleading *trade names*.'" *Del. Solid Waste Auth. v. E. Shore Envtl., Inc.*, 2002 WL 537691, at *5 (Del. Ch. Mar. 28, 2002) (emphasis in original) (first quoting UNIF. DECEPTIVE TRADE PRACTICES ACT § 2(a)(2), cmt.; then quoting UNIF. DECEPTIVE TRADE PRACTICES ACT § 3(a)(2), cmt); *accord Mitchell*, 2014 WL 4925150, at *8.[5]

Here, SpoonfulONE's claim under Section 2532(a)(2) and (3) is not based on any protectable trade identification, so the claim is "not legally cognizable." *Del. Solid Waste Auth.*, 2002 WL 537691, at *5. SpoonfulONE does not allege that it holds a registered trademark as to the themes, colors, slogans, or motifs in its advertisements. Nor does SpoonfulONE allege anything distinctive about them. *See Parks*, 863 F.3d at 230 ("A valid and legally protectable mark must be 'distinctive' . . . ."). At bottom, "even if [SpoonfulONE's] claims are assumed to be factually true, under no set of circumstances would [RSF's Adverting Material] . . . be likely

---

[5] Delaware courts look to the Uniform Deceptive Trade Practices Act and its comments because "[t]he Delaware Deceptive Trade Practices Act . . . 'codifies [the 1964] Uniform Deceptive Trade Practices Act . . . .'" *Mitchell*, 2014 WL 4925150, at *8 (quoting *Del. Solid Waste Auth.*, 2002 WL 537691, at *5).

to produce confusion among consumers *caused by the use a trademark  or a trade name*." *Del. Solid Waste Auth.*, 2002 WL 537691, at *5 (emphasis in original); *accord Mitchell*, 2014 WL 4925150, at *8 ("Mitchell Lane has not asserted any theory under the Act beyond pointing to similarities between Purple Toad's books and Mitchell Lane's books while alleging confusion in the market.  That argument is not enough to succeed on a deceptive practices claim.").  Thus, SpoonfulONE fails to state a claim and, therefore, is not entitled to injunctive relief.  Accordingly, the Court should dismiss SpoonfulONE's claim under 6 *Del. C.* § 2532(a)(2) and (3).

For the reasons stated above, the Court should dismiss Count III of the Amended Complaint in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should dismiss SpoonfulONE's Amended Complaint in its entirety.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Prollergy*
Dated:  April 28, 2022            *Corporation d/b/a Ready, Set, Food!*

21

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Defendant Prollergy Corporation d/b/a Ready, Set, Food!'s Opening Brief in Support of Its Motion to Dismiss complies with the type, font, and word requirements set forth in the Court's November 6, 2019 Standing Order regarding Briefing in All Cases.  The text of the brief, including footnotes, was prepared in 14-point Times New Roman font and contains 4,935 words.

<u>*/s/ Kelly E. Farnan*</u>
Kelly E. Farnan (#4395)
farnan@rlf.com

Dated:  April 28, 2022