IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEFORE Brands, Inc. d/b/a SpoonfulONE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-1706-CFC |
| Prollergy Corporation d/b/a Ready, Set, Food!, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S RESPONSIVE BRIEF
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

OF COUNSEL:
Elaine H Blais
Louis L. Lobel
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
EBlais@goodwinlaw.com
LLobel@goodwinlaw.com

Alexandra D. Valenti
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
AValenti@goodwinlaw.com

Karen E. Keller (No. 4489)
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

Dated: June 13, 2022

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................1

II.   FACTUAL BACKGROUND.........................................................................2

III.  ARGUMENT............................................................................................5

  A.   Stanford Will Join SpoonfulONE's Suit, Mooting RSF's Motion on Patent Standing Grounds ........................................................................ 6

  B.   SpoonfulONE States a Claim for Infringement of the '003 Patent .................. 6

  C.   SpoonfulONE States a Claim for False Advertising Under the Lanham Act ....................................................................................................12

    1.   SpoonfulONE Has Statutory Standing to Bring Its Lanham Act Claim .....12

    2.   SpoonfulONE States a Claim Under § 1125(a)(1)(B) Based on RSF's False Advertising .........................................................................14

    3.   SpoonfulONE Ties the False and Disparaging Statements from Prevent Food Allergies to RSF ...........................................................17

  D.   SpoonfulONE States a Claim Under the Delaware Deceptive Trade Practices Act...............................................................................................18

  E.   Should This Court Find Any Deficiencies in SpoonfulONE's Pleading, SpoonfulONE Should Be Permitted to Amend...................................................20

IV.   CONCLUSION...........................................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*10x Genomics, Inc. v. Celsee, Inc.*,
  No. CV 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30,
  2019) ...............................................................................................17, 19

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
  No. CV 15-228-RGA, 2016 WL 3186890 (D. Del. June 3, 2016)......................6

*Agilent Techs., Inc. v. Kirkland*,
  No. CIV.A. 3512-VCS, 2009 WL 119865 (Del. Ch. Jan. 20, 2009)..................19

*Ancora Technologies, Inc. v. Lenovo Group, Ltd.*,
  No. 1:19-CV-01712-CFC, 2020 WL 4530718 (D. Del. Aug. 6,
  2020) ...............................................................................................11, 21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...........................................................5

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ..............................................................8

*British Telcomms. PLC v. IAC/InteractiveCorp*,
  356 F. Supp. 3d 405 (D. Del. 2019)......................................................17

*Brockway v. McCreary*,
  No. 4:18-CV-01258, 2018 WL 5814681 (M.D. Pa. Nov. 6, 2018)..................16

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ..............................................................5

*CareDx, Inc. v. Natera, Inc.*,
  No. CV 19-662-CFC-CJB, 2019 WL 7037799 (D. Del. Dec. 20,
  2019) ...............................................................................................13, 17

*Deston Therapeutics LLC v. Trigen Labs. Inc.*,
  723 F. Supp. 2d 665 (D. Del. 2010) ............................................................. 11, 18

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ................................................................................ 9

*EIS, Inc. v. WOW Tech Int'l GmbH*,
  No. CV 19-1227-LPS, 2020 WL 7027528 (D. Del. Nov. 30, 2020) ............ 17, 18

*Frompovicz v. Niagara Bottling, LLC*,
  337 F. Supp. 3d 498 (E.D. Pa. 2018) .......................................................... 13, 14

*Genedics, LLC v. Meta Co.*,
  No. CV 17-1062-CJB, 2018 WL 3991474 (D. Del. Aug. 21, 2018) .......... 7, 9, 10

*Genentech, Inc. v. Chiron Corp.*,
  112 F.3d 495 (Fed. Cir. 1997) ............................................................................. 10

*Hall v. Bed Bath & Beyond, Inc.*,
  705 F.3d 1357 (Fed. Cir. 2013) ........................................................................... 10

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ............................................................................. 9

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
  No. CV 16-194-GMS, 2017 WL 3021066 (D. Del. July 14, 2017) ................... 14

*Peloton Interactive, Inc. v. ICON Heath & Fitness, Inc.*,
  2021 WL 2188219 (D. Del. 2021) ...................................................................... 20

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
  No. CV 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ................... 21

*SEC v. Harra*,
  No. 1:15-CV-00363-SB, 2022 WL 903920 (D. Del. Mar. 28, 2022) ................ 21

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000) ......................................................................... 20, 21

*Shure Inc. v. ClearOne, Inc.*,
  No. CV 19-1343-RGA-CJB, 2020 WL 2839294 (D. Del. June 1,
  2020) ............................................................................................... 15, 16, 17, 18

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*,
    No. CV 16-581-RGA-MPT, 2017 WL 896988 (D. Del. Mar. 7,
    2017) ...................................................................................................18

*Tendyne Holdings, Inc. v. Abbott Vascular, Inc.*,
    No. CV 18-1070-CFC, 2020 WL 838313 (D. Del. Feb. 20, 2020)....................11

*Wisniewski v. Fisher*,
    857 F.3d 152 (3d Cir. 2017) ..............................................................5

*Zuber v. Boscov's*,
    871 F.3d 255 (3d Cir. 2017) ..............................................................6

**Statutes**

6 *Del. C.* § 2532(a)............................................................*passim*

15 U.S.C. § 1125(a) ............................................................*passim*

Fed. R. Civ. P. 8(d)(3)............................................................10, 11

Fed. R. Civ. P. 12(b)(6)............................................................10, 20

**Other Authorities**

U.S. Patent No. 9,731,003............................................................*passim*

U.S. Patent No. 11,278,615............................................................20

## I.   INTRODUCTION

Plaintiff SpoonfulONE and Defendant Ready Set Food ("RSF") are direct competitors in the market for allergen mix-in products.   RSF has infringed SpoonfulONE's '003 Patent either by selling or offering for sale its Stage 3 product. SpoonfulONE's complaint alleges in detail how each element of asserted claim 9 is satisfied by RSF's Stage 3 product.   RSF's only response to these allegations is to argue a lack of standing, which will be mooted by Stanford joining this suit as a plaintiff, and to raise claim construction issues not appropriate for resolution at this stage.   As such, the Court should deny RSF's motion regarding SpoonfulONE's patent claim.

Not only has RSF infringed the '003 Patent, it has falsely and misleadingly marketed its product.   RSF advertised that its product contains allergens in an equal amount by protein weight, as required by the '003 Patent, but RSF's counsel later admitted this statement to be literally false.   Even if RSF's false advertisements ultimately render RSF's Stage 3 sales non-infringing, they still constituted an infringing offer for sale in addition to subjecting RSF to liability under the Lanham Act.   RSF has also made other false statements about its products and SpoonfulONE's products—for example, claiming its products contain the "top 9" allergens (when they do not) and peddling falsities about SpoonfulONE's products. RSF also deceptively markets its products in a way that is likely to confuse

1

consumers.  For instance, RSF copies SpoonfulONE's marketing messages, such as "don't delay, introduce today," and uses them in its own advertisements.  *See, e.g.*, First Amended Complaint, D.I. 6 ("FAC") ¶ 41.  Based on these allegations, which must be taken as true at this stage, SpoonfulONE's complaint states a claim under both the Lanham Act and the Delaware Deceptive Trade Practices Act ("DTPA").  RSF's responses amount to baseless legal arguments or factual disputes that the Court cannot and should not resolve now.

RSF's motion should be denied, and SpoonfulONE should be given the opportunity to seek discovery on its claims and redress the harms caused by RSF's unfair, infringing competition.

## II.  FACTUAL BACKGROUND

Since 2015, SpoonfulONE has been a leading developer and provider of nutritional products intended to protect babies and toddlers from developing food allergies.  FAC ¶ 11.  The company's allergen introduction products are incorporated into the diet of infants as part of solid food introduction.  *Id.*

Food allergies are an epidemic—hundreds of people die annually in the United States due to fatal food allergies, and billions of dollars are spent to treat and prevent food allergies.  *Id.* ¶ 19.  Dr. Kari Nadeau, one of the world's leading pediatric allergists and immunologists and the Director of the Sean N. Parker Center for Allergy and Asthma Research at Stanford University, co-founded SpoonfulONE

to commercialize her inventions as claimed in the U.S. Patent No. 9,731,003 ("the '003 Patent"). *Id.* ¶¶ 16-17. Dr. Nadeau's innovations are helping the fight against the food allergy epidemic. *Id.* ¶ 19. The '003 Patent issued on August 15, 2017 for an invention titled "Mixed Allergen Compositions And Methods for Using the Same." *Id.* ¶ 15. The claims of the '003 Patent are directed toward mixed allergen compositions comprising multiple different allergens. *Id.* ¶ 18. In this way, a single mix-in product can be administered to infants over time to help prevent multiple food allergies simultaneously. *Id.* ¶¶ 15, 17-19.

The Board of Trustees of Stanford University ("Stanford") owns the '003 Patent. *Id.* ¶ 20. Pursuant to the Second Amended and Restated Exclusive Equity Agreement (the "Agreement") executed in 2019, SpoonfulONE has an exclusive license under the '003 Patent in the field of foods and dietary substances, including the right to institute suit against third parties for infringement. *Id.* ¶ 21. SpoonfulONE's allergen mix-in products practice the claims of the '003 Patent. *Id.* ¶ 22.

RSF launched the accused infringing Stage 3 mix-in product in March 2021, which it promotes and offers for sale on its website, Amazon, elsewhere online, and in stores. *Id.* ¶¶ 23-25. Among other descriptions of its product in packaging and in advertisements, RSF advertised that its Stage 3 product "contain[s] a total of 2 g of protein per week for *each allergen* with the exception of egg whites." *Id.* ¶ 34

(emphasis in original).  SpoonfulONE asserts that the Stage 3 product infringes at least claim 9 of the '003 Patent, which recites:

> 9. A unit composition comprising a mixed allergen composition comprising 6 to 20 different flours or powders, and wherein:
>
> at least one flour is selected from the group consisting of walnut, hazelnut, peanut, cashew, almond, pistachio, and pecan;
>
> at least one animal powder is selected from the group consisting of shrimp, salmon, egg, and milk; and
>
> at least one non-nut plant flour is selected from the group consisting of wheat, sesame, and oat,
>
> wherein the unit composition comprises equal parts by protein weight of each flour or powder.

*Id.*, Ex. A at cl. 9.  RSF's Stage 3 product—which contains peanut, milk, cashew, almond, walnut, sesame, soy, and wheat and which RSF marketed as containing equal protein weights of each of those allergens—meets each and every element of claim 9.  *Id.* ¶¶ 47-51.  Even if the "equal protein weight" advertisement was false when made, as RSF's counsel admitted (*id.* ¶¶ 33-37), RSF has nevertheless made offers for sale of the Stage 3 product as having such infringing characteristics.

RSF has made a number of other false or misleading claims in its advertising. RSF claims its Stage 3 Product contains the "top 9 allergens," but it does not contain fish or shellfish, which RSF acknowledges are among the top 9 allergens.  *Id.* ¶¶ 38-40.  RSF uses themes, colors, slogans, and motifs that mimic SpoonfulONE's

advertisements, even copying verbatim SpoonfulONE's marketing, which causes consumer confusion and misleads consumers into conflating the two brands' products. *Id.* ¶ 41. RSF also has made false and disparaging statements regarding SpoonfulONE's products, again deceiving consumers and falsely leading consumers to believe RSF's products are of comparable quality to SpoonfulONE's. *Id.* ¶ 43.

SpoonfulONE and RSF "are the only two companies in the market offering multi-allergen compositions in a multi-staged and portion-controlled format. As such, SpoonfulONE is in direct competition with RSF for these products." *Id.* ¶ 44. Accordingly, RSF's advertising has influenced consumer purchasing decisions, and SpoonfulONE has been injured by RSF's false and misleading advertising, including loss of sales to its only direct competitor in this market and loss of goodwill. *Id.* ¶ 44.

## III. ARGUMENT

A motion to dismiss must be denied if the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wisniewski v. Fisher*, 857 F.3d 152, 155 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Courts must draw all reasonable inferences in the plaintiff's favor. *In re Bill of*

*Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012).  A motion to dismiss should be denied when courts are able to make the "reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

### A.  Stanford Will Join SpoonfulONE's Suit, Mooting RSF's Motion on Standing Grounds

RSF argues that SpoonfulONE lacks standing despite being an exclusive licensee under the '003 Patent.  To resolve this issue without the need for further motion practice, SpoonfulONE secured Stanford's agreement to join this suit as a plaintiff, and thus any dismissal on these grounds should be without prejudice. SpoonfulONE intends to move for leave to file a second amended complaint and join Stanford shortly, mooting this issue.  *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 15-228-RGA, 2016 WL 3186890, *2-5 (D. Del. June 3, 2016) (granting plaintiff 14 days to join patent assignor to cure standing defect).[1]

### B.  SpoonfulONE States a Claim for Infringement

SpoonfulONE states a claim for infringement of the '003 Patent.  "In order to adequately allege direct infringement, generally a plaintiff must plead facts that

---

[1] Given the "liberal policy" allowing amendments under Rule 15, leave should be granted here.  *See Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*, No. CV 19-2259-CFC, 2021 WL 5061707, at *1 (D. Del. Oct. 26, 2021).  This case remains in its infancy: no scheduling order has been set and discovery has not begun.  As such, there would be no undue prejudice to RSF, and leave to amend to join Stanford should be granted.  *See id.*

plausibly indicate that the alleged infringer's accused products practice each of the limitations of the asserted claims." *Genedics, LLC v. Meta Co.*, No. CV 17-1062-CJB, 2018 WL 3991474, at *12 (D. Del. Aug. 21, 2018).  Here, SpoonfulONE recites each limitation of the asserted claim and ties each limitation to components of the Stage 3 product:

| Limitation of Claim 9 | Allegation in FAC |
|---|---|
| 9. A unit composition comprising a mixed allergen composition comprising 6 to 20 different flours or powders, and wherein: | "The Accused Product is a mixed allergen composition comprising at least six different flours or powders" (¶ 47), including "peanut, milk, cashew, almond, walnut, sesame, soy, and wheat" (¶ 26). |
| at least one flour is selected from the group consisting of walnut, hazelnut, peanut, cashew, almond, pistachio, and pecan; | "[T]he Accused Product contains walnut, peanut, cashew, and almond flours." (¶ 48) |
| at least one animal powder is selected from the group consisting of shrimp, salmon, egg, and milk; and | "[T]he Accused Product contains milk powder." (¶ 49) |
| at least one non-nut plant flour is selected from the group consisting of wheat, sesame, and oat, | "[T]he Accused Product contains wheat and sesame flours." (¶ 50) |

| | |
|---|---|
| wherein the unit composition comprises equal parts by protein weight of each flour or powder. | "On information and belief, the unit composition of the Accused Product comprises equal parts by protein weight of the following eight flours or powders: walnut, peanut, cashew, almond, milk, wheat, soy, and sesame. At a minimum, Defendant offered for sale the Accused Product as comprising equal parts by protein weight of the following eight flours or powders: walnut, peanut, cashew, almond, milk, wheat, soy, and sesame." (¶ 51) |

Although a plaintiff is not "required to plead infringement on an element-by-element basis," SpoonfulONE does so. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Accordingly, as is clear from these allegations, at least RSF's Stage 3 offers for sale, which stated that the product satisfied the "equal protein weight" limitation, infringed the '003 Patent. Moreover, if discovery reveals that the composition of the Stage 3 product at any point matched RSF's description, that would further constitute direct infringement for at least manufacture, use, and/or sale of such infringing products. Either way, SpoonfulONE states a claim. Any factual disputes as to the composition of the Stage 3 product cannot be resolved now.[2]

---

[2] For these same reasons, *Boston Scientific Corp. v. Nevro Corp.* (cited by RSF in its Motion to Dismiss, D.I. 11, at 7 ("Mot.")) is distinguishable. There the plaintiff "assert[ed] without explanation that the accused products meet each element of at least one claim of the asserted patent." 415 F. Supp. 3d 482, 489 (D. Del. 2019). Here, in contrast, SpoonfulONE provides detailed allegations as to the features of the Stage 3 product that satisfy each element of asserted claim 9.

RSF argues SpoonfulONE fails to state a claim because the complaint does not satisfy the elements identified by the Federal Circuit in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018). But as this Court in *Genedics* explained, *Disc Disease* merely "suggests that in some circumstances, particularly where the technology at issue is not complex, a reviewing court may be able to determine that it is plausible that an accused product meets the limitations of an asserted claim simply by viewing photos of the product and comparing those photos to the words of the claim." *Genedics*, 2018 WL 3991474, at *12 n.15. Nonetheless, to the extent *Disc Disease* applies, the elements are met. First, SpoonfulONE "name[s]" the accused infringing product. *See Disc Disease*, 888 F.3d at 1260; FAC ¶ 2. Second, SpoonfulONE "includes photographs of the packaging of the" Stage 3 product. *Boston Sci.*, 415 F. Supp. 3d at 490 n.2 (citing *Disc Disease*); FAC ¶ 38. Third, SpoonfulONE pleads an element-by-element infringement theory that goes beyond the general allegation that the Stage 3 product "meet[s] each and every element of at least one claim." *See Disc Disease*, 555 F.3d at 1260; FAC ¶¶ 47-51.

RSF also argues (at 8) that "SpoonfulONE's allegations [] ignore that RSF's Stage 3 product contains egg." RSF's argument is an inappropriate request for the Court to resolve a claim construction issue with a motion to dismiss. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (holding that

"objections to [a] proposed claim construction" were "not suitable for resolution on a motion to dismiss."); *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013) ("Federal Circuit precedent, the Court's rulings in *Twombly* and *Iqbal*, and Federal Rule 8, make clear that neither claim construction nor prior art is required to be included in the pleadings."). Nonetheless, under a proper construction of claim 9 (as SpoonfulONE will show during claim construction), the Stage 3 product infringes even if RSF is correct that the egg in that product is present in smaller amounts than other flours or powders. Claim 9 includes the transitional phrase "comprising," meaning that the claim is open to other unclaimed elements. *See, e.g.*, *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997) ("'Comprising' is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim."). So long as each claim element is satisfied, as SpoonfulONE's complaint shows, other components may be present without consequence to the infringement analysis. "However, at the Rule 12(b)(6) stage, only plausibility is required, and [SpoonfulONE] has demonstrated that here." *See Genedics*, 2018 WL 3991474, at *15.

RSF finally argues (at 8-9) that SpoonfulONE makes contradictory allegations in its complaint. SpoonfulONE alleges patent infringement based on RSF's "equal protein weight" offer for sale, which would still constitute infringement even if the

assertion in RSF's advertisement is false (as RSF's counsel admits) and thus is entirely consistent with SpoonfuONE's Lanham Act and DPTA claims. SpoonfulONE also alleges patent infringement based on direct infringement (e.g., use, manufacture, and/or sale), which depends on whether RSF's offer for sale was true.  Such alternative pleading is permissible, as "[a] party may state as many separate claims or defenses as it has, regardless of consistency."  Fed. R. Civ. P. 8(d)(3); *see, e.g.*, *Tendyne Holdings, Inc. v. Abbott Vascular, Inc.*, No. C.A. 18-1070-CFC, 2020 WL 838313, at *3 (D. Del. Feb. 20, 2020) ("Even assuming [movant] is correct that the Amended Complaint sets forth inconsistent theories, that inconsistency would not warrant dismissal." (citing Fed. R. Civ. P. 8(d)(3))); *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 673 (D. Del. 2010) ("Defendants appear to misunderstand the nature of Plaintiffs' alternative pleading"; under Fed. R. Civ. P. 8(d)(3), "Plaintiffs were permitted to 'set out 2 or more statements of a claim or defense alternatively or hypothetically'").  RSF also cites (at 9) *Ancora Technologies, Inc. v. Lenovo Group, Ltd.*, C.A. No. 19-1712-CFC, 2020 WL 4530718 (D. Del. Aug. 6, 2020).  That case is inapposite because it dismissed a complaint where a plaintiff had alleged an infringement claim containing *internal* inconsistencies.  *Id.*

SpoonfulONE states a claim for patent infringement.  In response, RSF raises factual or claim construction issues inappropriate for resolution at this stage. Accordingly, the Court should deny RSF's Motion to Dismiss Count I.

**C.    SpoonfulONE States a Claim for False Advertising Under the Lanham Act**

> **1.    SpoonfulONE Has Statutory Standing to Bring Its Lanham Act Claim**

SpoonfulONE is a proper plaintiff under the Lanham Act.  A Lanham Act claim for false advertising may be brought by "any person who believes that he or she is or is likely to be damaged by such act."  15 U.S.C. § 1125(a)(1).  In *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, the Supreme Court explained that a plaintiff has standing to sue under § 1125(a) when: 1) its interests "fall within the zone of interests protected" by the statute; and 2) the plaintiff's "injuries are proximately caused by violations of the statute."  572 U.S. 118, 129, 132 (2014). Regarding the first prong, "a plaintiff must allege an injury to a commercial interest in reputation or sales."  *Id.* at 131-32.  Regarding the second prong, a plaintiff "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff."  *Id.* at 133.

SpoonfulONE meets both prongs here.  First, SpoonfulONE is within the "zone of interest" of parties protected by the Lanham Act because SpoonfulONE's

"alleged injuries—lost sales and damage to its business reputation—are injuries to precisely the sorts of commercial interests the [Lanham] Act protects." *See id.* at 137. Second, SpoonfulONE "sufficiently allege[s] that its injuries were proximately caused by [RSF's] misrepresentations." *See id.* at 137. Specifically, SpoonfulONE alleges it is in "direct competition with RSF" and that RSF's false advertising has damaged SpoonfulONE by causing SpoonfulONE to lose sales and goodwill. FAC ¶¶ 44, 70. Indeed, this case "present[s] the classic Lanham Act false-advertising claim in which one competitor directly injures another by making false statements about his own goods or the competitor's goods and thus induc[es] customers to switch." *See Lexmark*, 572 U.S. at 137 (citation and internal quotation marks omitted); *accord Frompovicz v. Niagara Bottling, LLC*, 337 F. Supp. 3d 498, 505-06 (E.D. Pa. 2018) (holding plaintiff had standing because parties were "direct competitors, [and] Plaintiff's loss of sales flows directly from, and [was] thus proximately caused by, Defendant['s] violation of the statute").

RSF cites (at 10-12) *CareDx, Inc. v. Natera, Inc.*, C.A. No. 19-662-CFC-CJB, 2019 WL 7037799 (D. Del. Dec. 20, 2019)*, which demonstrates why dismissal would be inappropriate here. *CareDx denied* the defendant's motion to dismiss because, although the plaintiff had never sold a product that competed directly with the defendant's products, "the fact that [plaintiff] has not pointed to a specific, already-lost sale is not dispositive of [plaintiff's] false advertising claim." *Id.* at *7.

RSF also cites (at 11) *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, C.A. No. 16-194-GMS, 2017 WL 3021066 (D. Del. July 14, 2017), but that case bears no resemblance to the facts here. There, the defendant sought leave to assert a false advertising claim under the Lanham Act based on the plaintiff promoting an environmental impact study on its website. The court denied leave because the defendant did not plead but "ask[ed] the court to create the entire causal chain linking" these allegations to any harm suffered by the defendant. *Id.* at *4. Here, this Court need not make any logical leap: a reasonable inference can be drawn from the allegations that RSF's false advertisements in a market where SpoonfulONE is its only direct competitor have influenced consumer behavior in a manner that has harmed and will continue to harm SpoonfulONE. *See Lexmark*, 572 U.S. at 137; *Frompovicz*, 337 F. Supp. 3d at 505-06.

For these reasons, SpoonfulONE has standing to pursue its Lanham Act claim.

### 2.   SpoonfulONE States a Claim Under Section 1125(a)(1)(B) Based on RSF's False Advertising

To state a claim for false advertising under 15 U.S.C. § 1125(a), a plaintiff must plead facts plausibly asserting:

> (1) that the defendant has made false or misleading statements in commercial advertising or promotion as to the defendant's own product or another's; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce;

and (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Shure Inc. v. ClearOne, Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294, at *5 (D. Del. June 1, 2020).

Here, SpoonfulONE states a claim for false advertising. SpoonfulONE pleads facts plausibly showing that (1) RSF has made false or misleading statements in commercial advertising or promotion of RSF's Stage 3 product and SpoonfulONE's products (FAC ¶¶ 35-40, 42, 54-55); (2) there is actual deception or at least a tendency to deceive a substantial portion of consumers who buy such products (*id.* ¶¶ 43, 58); (3) the deception is material in that it is likely to influence consumers' purchasing decisions (*id.* ¶¶ 43, 59); (4) RSF's Stage 3 product traveled in interstate commerce, at least on its website and on Amazon.com (*id.* ¶¶ 33, 36, 60); and (5) RSF's false and misleading advertisements will continue to mislead consumers and damage SpoonfulONE's business in terms of loss of sales and goodwill (*id.* ¶¶ 44, 61).

RSF argues (at 12-14) that SpoonfulONE's false advertising claim should be dismissed in its entirety because a single paragraph (¶ 41) discusses RSF advertisements that, according to RSF, "do[] not belong under § 1125(a)(1)(B)." RSF labels the advertisements that SpoonfulONE discusses in paragraph 41 as the "Advertising Material," but inappropriately ignores RSF's false advertising alleged elsewhere. *See, e.g.*, FAC ¶¶ 34, 36, 38-40, 42. Regardless of whether the

15

"Advertising Material" in paragraph 41 "belong[s] under § 1125(a)(1)(B)," Mot. at 12, the complaint, when viewed in its entirety, states a claim for false advertising under 15 U.S.C. § 1125(a)(1)(B). *See Brockway v. McCreary*, No. 4:18-CV-01258, 2018 WL 5814681, at *2 (M.D. Pa. Nov. 6, 2018) ("[C]ourts do not dismiss complaints under Rule 12(b)(6) for failure to cite to a statute's specific subsection." (citing *Boone v. T–Mobile USA Inc.*, No. 17–378–KM–MAH, 2018 WL 588927, at *13 (D.N.J. Jan. 29, 2018) (collecting cases))).

RSF separately argues that SpoonfulONE fails to state a claim regarding the "top 9 allergens" advertisement.  RSF's products do not contain the "top 9 allergens," and therefore these advertisements are literally false.  *See* FAC ¶ 39.  As such, SpoonfulONE "is entitled to a presumption of actual deception."  *See Shure*, 2020 WL 2839294, at *8.  RSF strains to argue that the statement is not literally false, but this is nothing more than an impermissible attempt to resolve factual issues at the pleadings stage before any discovery has been taken.  SpoonfulONE "has sufficiently pled literal falsity and thus, has sufficiently alleged actual deception." *Id.*  Moreover, RSF again asks the Court to dismiss SpoonfulONE's false advertising claim in its entirety by focusing on a single statement and ignoring the remainder of SpoonfulONE's allegations.  But SpoonfulONE also bases its claim on RSF's statements regarding protein weight, which RSF already admitted through counsel were literally false.  FAC ¶¶ 36-37, 54, 63.

16

SpoonfulONE's complaint, when properly viewed in its entirety, alleges all required elements and states a claim under Lanham Act.  *See Shure*, 2020 WL 2839294, at *15 ; *CareDx*, 2019 WL 7037799, at *7-10; *see also EIS, Inc. v. WOW Tech Int'l GmbH*, C.A. No. 19-1227-LPS, 2020 WL 7027528, at *3-5 (D. Del. Nov. 30, 2020) (denying motion to dismiss where complaint alleged that defendant posted negative Amazon reviews of plaintiff's product with an account bearing defendant's logo); *10x Genomics, Inc. v. Celsee, Inc.*, C.A. No. 19-862-CFC-SRF, 2019 WL 5595666, at *1 (D. Del. Oct. 30, 2019), *report and recommendation adopted*, C.A. No. 19-862-CFC/SRF, 2019 WL 6037558 (D. Del. Nov. 14, 2019) (finding complaint pled literal falsity, and denying motion to dismiss, where it claimed that defendant inflated its product performance metrics by omitting unfavorable data).

### 3.   SpoonfulONE Ties the False and Disparaging Statements from Prevent Food Allergies to RSF

SpoonfulONE also states a claim against RSF because SpoonfulONE ties the false and disparaging statements on the Prevent Food Allergies webpage to RSF. *See British Telcomms. PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 409 (D. Del. 2019).  Specifically, SpoonfulONE alleges "Defendant, through its affiliate Prevent Food Allergies (at preventallergies.org), has made false and disparaging statements regarding SpoonfulONE's products."  FAC ¶ 42.  Thus, SpoonfulONE alleges that RSF—not Prevent Food Allergies—was the party who made the false and disparaging statements.  Even RSF acknowledges (at 15-16) that it could be

liable for statements appearing on Prevent Food Allergies' website under "a theory of vicarious liability, such as the alter ego theory or the agency theory."  Although SpoonfulONE does not use the term "principal" or "agent" in its allegations, SpoonfulONE describes a principal-agent relationship between RSF and Prevent Food Allergies.  *See T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, C.A. No. 16-581-RGA-MPT, 2017 WL 896988, at *6 (D. Del. Mar. 7, 2017) ("[E]vidence of agency required at the pleading stage is minimal."); *EIS*, 2020 WL 7027528, at *4 (denying motion to dismiss Lanham Act claim where plaintiff pled "[o]n information and belief, Defendants, directly or through their agents, hired or otherwise directed [Instagram influencer] to publish false, disparaging, and defamatory statements about [plaintiff] and its [] products").  The nature of RSF's relationship with Prevent Food Allergies cannot be resolved at this stage and will be a subject of discovery.

### D.    SpoonfulONE States a Claim Under the DTPA

"[T]he same standard that governs claims under Section 43(a) of the Lanham Act [] also governs claims under the DTPA."  *Deston Therapeutics*, 723 F. Supp. 2d at 676 (denying motion to dismiss DTPA claims without analysis because the court had already denied the motion to dismiss Lanham Act claims).  If anything, the standard to state a claim under the DTPA is lower.  *Shure*, 2020 WL 2839294, at *8 ("The DTPA actually has a lower burden of proof than the Lanham Act . . ."

(quotations omitted)).  Regardless, RSF's arguments concerning the DTPA claims come nowhere close to warranting dismissal.

First, SpoonfulONE adequately alleges the likelihood that it will suffer irreparable harm absent injunctive relief.  Contrary to RSF's suggestion (at 18-19), the mere fact that RSF has removed *one* of the *many* false or misleading statements from its website does not resolve SpoonfulONE's claim for injunctive relief.  Rather, the repeated and "ongoing" incidents in which RSF has falsely or misleadingly advertised its products "provide a strong enough basis from which to infer a pattern of misconduct."  *See Agilent Techs., Inc. v. Kirkland*, No. CIV.A. 3512-VCS, 2009 WL 119865, at *10 (Del. Ch. Jan. 20, 2009) (citing *State ex rel. Brady v. Fallon*, No. 96A-12-010-RRC, 1998 WL 283438, at *6 (Del. Super. Ct. Feb. 27, 1998)).

Second, SpoonfulONE states a claim under 6 *Del. C.* § 2532(a) because it alleges that RSF's advertising causes a likelihood of confusion.  FAC ¶¶ 66, 68.  As detailed above (*supra* § III.C.2), RSF has made repeated false or misleading statements in its advertising.  SpoonfulONE alleges that RSF's advertising has caused or is likely to cause confusion among consumers and harm to SpoonfulONE, especially because "SpoonfulONE and RSF are the only two companies in the market offering multi-allergen compositions in a multi-staged and portion-controlled format."  FAC ¶¶ 44; *see also id.* ¶¶ 33-43, 66.  This is sufficient to state a claim under the DTPA.  *See 10x Genomics*, 2019 WL 5595666, at *7 (denying

19

motion to dismiss DTPA claim when plaintiff provided sufficient notice of the nature of its allegations and the statutory subsections under which it was proceeding).

Third, SpoonfulONE's DTPA claim is based on the same false advertising underlying its Lanham Act claim, including the alleged false advertising of RSF through Prevent Food Allergies. Thus, for the same reasons provided above (*supra* § III.C.3), SpoonfulONE states a claim against RSF based on these statements under a theory of vicarious liability. *See Peloton Interactive, Inc. v. ICON Heath & Fitness, Inc.*, 2021 WL 2188219, at *8 (D. Del. 2021) ("Courts in this District typically treat DTPA claims and Lanham Act claims as rising and falling together, while accounting for the lower pleading burden under DTPA.").

### E.   If This Court Finds Any Deficiencies in SpoonfulONE's Pleading, SpoonfulONE Should Be Permitted to Amend

For the reasons discussed above, the Court should deny RSF's Motion. However, should the Court find in RSF's favor on any ground, SpoonfulONE requests that any such dismissal be without prejudice.[3] "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Courts routinely provide

---

[3] As noted above (*supra* § III.A), SpoonfulONE will seek leave to amend to join Stanford. Additionally, SpoonfulONE plans to seek leave to amend to assert infringement against RSF of one or more claims of the recently-issued U.S. Patent No. 11,278,615.

plaintiffs an opportunity to amend their complaints after granting a motion to dismiss. *See, e.g.*, *Ancora Techs.*, 2020 WL 4530718, at *2; *Promos Techs., Inc. v. Samsung Elecs. Co.*, No. CV 18-307-RGA, 2018 WL 5630585, at *5 (D. Del. Oct. 31, 2018). Given the early stage of this litigation, an amendment by SpoonfulONE would not prejudice RSF and, by addressing any issues identified by the Court, would not be futile. *See SEC v. Harra*, No. 1:15-CV-00363-SB, 2022 WL 903920, at *2 (D. Del. Mar. 28, 2022) (finding no prejudice where discovery had not yet begun); *Shane*, 213 F.3d at 115 ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

IV.   **CONCLUSION**

The Court should deny RSF's Motion to Dismiss. Although RSF's motion should be denied, in the event the Court were inclined to grant RSF's motion on any ground, SpoonfulONE respectfully requests leave to amend.

OF COUNSEL:                          /s/ Nathan R. Hoeschen
Elaine H Blais                        Karen E. Keller (No. 4489)
Louis L. Lobel                        John W. Shaw (No. 3362)
GOODWIN PROCTER LLP                   Nathan R. Hoeschen (No. 6232)
100 Northern Avenue                  SHAW KELLER LLP
Boston, MA 02210                     I.M. Pei Building
(617) 570-1000                       1105 North Market Street, 12th Floor
EBlais@goodwinlaw.com                Wilmington, DE 19801
LLobel@goodwinlaw.com                (302) 298-0700
                                     kkeller@shawkeller.com
                                     jshaw@shawkeller.com
Alexandra D. Valenti                 nhoeschen@shawkeller.com
GOODWIN PROCTER LLP                  *Attorneys for Plaintiff*
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800
AValenti@goodwinlaw.com


Dated: June 13, 2022

22

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss complies with the type, font, and word requirements set forth in the Court's November 6, 2019, Standing Order Regarding Briefing in All Cases. The text of the brief, including footnotes, was prepared in 14-point, Time New Roman font and contains 4990 words.

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jshaw@shawkeller.com
nhoeschen@shawkeller.com

Dated: June 13, 2022                    *Attorneys for Plaintiff*