# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEFORE Brands, Inc. d/b/a SpoonfulONE, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 21-1706-CFC |
| | ) |
| v. | ) |
| | ) |
| Prollergy Corporation d/b/a Ready, Set, Food!, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Prollergy Corporation d/b/a Ready, Set, Food!*

Dated: June 21, 2022

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

    I.    SPOONFULONE'S PATENT INFRINGMENT CLAIM FAILS. ........................... 2

    II.    SPOONFULONE'S LANHAM ACT CLAIMS FAIL. ............................................ 4

        A.    SpoonfulONE Does Not Adequately Allege Proximate Causation. ................ 4

        B.    SpoonfulONE's Individual Lanham Act Claims Suffer from Pleading Defects. ........................................................................................ 6

            1.    SpoonfulONE's Lanham Act Claim Concerning the Advertising Material Was Wrongly Pled. .................. 6

            2.    SpoonfulONE Does Not Allege that the Top 9 Allergens Statement Has a Tendency to Deceive. ........... 7

            3.    SpoonfulONE Does Not Allege a Principal-Agent Relationship. ................................................................................ 8

    III.    SPOONFULONE'S DELAWARE DECEPTIVE TRADE PRACTICES ACT CLAIMS FAIL. ................................................................. 9

        A.    The FAQ Does Not Pose a Threat of Irreparable Harm, So It Cannot Violate 6 Del. C. § 2532(a)(5). ................................................. 9

        B.    SpoonfulONE Must Allege More Than "Likelihood of Confusion" to State a Claim Under § 2532(a)(2) and (3). ......... 10

        C.    SpoonfulONE Alleges No Theory of Vicarious Liability Supporting Its Claim Under § 2532(a)(8). ............................... 11

CONCLUSION .................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anthony Allega Cement Contractor, Inc. v. Johnson Controls Fed. Systems/Versar, LLC*,
  2019 WL 1792201 (D. Del. Apr. 24, 2019) ...................................................... 4

*CareDx, Inc. v. Natera, Inc.*,
  2019 WL 7037799 (D. Del. Dec. 20, 2019) ...................................................... 5

*Del. Solid Waste Auth. v. E. Shore Env't, Inc.*,
  2002 WL 537691 (Del. Ch. Mar. 28, 2002) ................................................... 10

*Disc Disease. Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ........................................................................ 2

*Doe v. Del. State Univ. Bd. of Trs.*,
  2021 WL 2036670 (D. Del. May 21, 2021) ................................................... 10

*Frompovicz v. Niagara Bottling, LLC*,
  337 F. Supp. 3d 498 (E.D. Pa. 2018) ................................................................ 5

*Mitchell Lane Publishers, Inc. v. Rasemas*,
  2014 WL 4925150 (Del. Ch. Sept. 30, 2014) ................................................. 11

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
  2017 WL 3021066 (D. Del. July 14, 2017) ...................................................... 6

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*,
  290 F.3d 578 (3d Cir. 2002) ............................................................................. 8

*Parks LLC v. Tyson Foods, Inc.*,
  863 F.3d 220 (3d. Cir. 2017) ............................................................................ 7

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
  2021 WL 2188219 (D. Del. May 28, 2021) ................................................... 10

*Registered Agent Sols., Inc. v. Corp. Serv. Co.*,
  2022 WL 911253 (D. Del. Mar. 28, 2022) .................................................. 6, 8

*T-Jat Sys. 2006 v. Expedia, Inc.*,
  2017 WL 896988 (D. Del. Mar. 7, 2017) .............................................................9

*Talley v. Christiana Care Health Sys.*,
  2018 WL 4938566 (D. Del. Oct. 11, 2018) .........................................................3

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
  2020 WL 4260616 (D. Del. July 23, 2020) .........................................................2

**STATUTES & RULES**

6 *Del. C.* § 2532(a) ....................................................................................10

6 *Del. C.* § 2532(a)(5) .............................................................................9, 10

15 U.S.C. § 1125(a)(1)(A) ................................................................................7

15 U.S.C. § 1125(a)(1)(B) ................................................................................7

**OTHER AUTHORITIES**

LIL MIXINS, https://www.lilmixins.com/ (last visited June 20, 2022) ........................6

MISSION MIGHTY ME, https://missionmightyme.com/ (last visited June 20, 2022) ....................................................................................................................6

## **PRELIMINARY STATEMENT**

SpoonfulONE doesn't make a single argument supporting its ability to maintain its patent infringement claims on its own. Nor does SpoonfulONE plead sufficient facts setting forth a plausible theory as to RSF's alleged infringement of the "equal parts by protein weight" limitation. The patent infringement claims should be dismissed.

SpoonfulONE's Lanham Act claims fare no better. SpoonfulONE has not adequately alleged proximate causation—a necessary component of the Lanham Act's standing requirement. Even if SpoonfulONE had standing, it has failed to state a claim for each statement that forms the basis of each of its Lanham Act claims. Finally, each of SpoonfulONE's Deceptive Trade Practices Act ("DTPA") claims is defective, as SpoonfulONE cannot obtain injunctive relief and has not pled key aspects of its cause of action.

In short, SpoonfulONE began this campaign against RSF using a patent that it had no right to assert on its own. It attempted to turn that deficient cause of action into a false-advertising case, but there aren't sufficient facts to support SpoonfulONE's theories. The Amended Complaint should be dismissed in its entirety.

## ARGUMENT

**I. SPOONFULONE'S PATENT INFRINGMENT CLAIM FAILS.**

SpoonfulONE makes no attempt to establish that it ever had standing to sue RSF on its own and, thus, concedes it lacked standing to initiate this action under controlling Federal Circuit precedent. SpoonfulONE's infringement allegations should be dismissed.[1]

Even if SpoonfulONE had standing, its claim for patent infringement is deficient as SpoonfulONE has not pled facts indicating it has a plausible infringement claim. Specifically, claim 9 includes the element "wherein the unit composition comprises equal parts by protein weight of each flour or powder." D.I. 6 ("Am. Compl"), Ex. A at 19. In its Amended Complaint and its Answering Brief, SpoonfulONE alleges support for this claim element "on information and belief" and does not plausibly allege any facts suggesting RSF infringes this limitation. By parroting claim language and failing to plead facts connecting Stage 3 to the claims, SpoonfulONE has failed to state a claim. *See Uniloc 2017 LLC v. Zenpayroll, Inc.*, 2020 WL 4260616, at *4 (D. Del. July 23, 2020). SpoonfulONE does not even meet the pleading standard set forth in *Disc Disease*. *Disc Disease Sols. Inc. v. VGH Sols.,*

---

[1] SpoonfulONE indicates it plans to amend to add Stanford University as a Plaintiff. RSF first raised the standing issue with SpoonfulONE on February 11, 2022, and SpoonfulONE has not explained why it filed a deficient Amended Complaint on February 25, 2022.

2

*Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Although SpoonfulONE suggests it included pictures of Stage 3, there are no pictures in the key infringement allegations. Indeed, SpoonfulONE appears to concede that it has no plausible infringement theory other than its "offer for sale" theory:

> Accordingly, as is clear from these allegations, at least RSF's Stage 3 offers for sale, which stated that the product satisfied the "equal protein weight" limitation, infringed the '003 Patent. Moreover, ***if discovery reveals that the composition of the Stage 3 product at any point matched RSF's description***, that would further constitute direct infringement for at least manufacture, use, and/or sale of such infringing products.

D.I. 15 ("Ans. Br.") at 8 (emphasis added). SpoonfulONE does not have a plausible claim for infringement for any product that RSF actually sold.[2]

Finally, SpoonfulONE alleges both that Stage 3 comprises allergens of equal parts by protein weight and that RSF falsely advertised that Stage 3 comprises allergens of equal parts by protein weight. Am. Compl. ¶¶ 36, 63. And although "the Court must accept as true all well-pleaded facts …, it need not accept allegations that are contradicted by other allegations in the [Amended Complaint]." *Talley v. Christiana Care Health Sys.*, 2018 WL 4938566, at *5 n.4 (D. Del. Oct. 11, 2018)

---

[2] SpoonfulONE also alleges that RSF has relied on a claim construction dispute and, in support of its position, relies on standard law regarding "comprising" claims. Ans. Br. at 9–10. SpoonfulONE appears to argue that the "egg" in RSF's product is an "unclaimed element," ignoring that egg is expressly included in claim 9. It is SpoonfulONE that attempts to manufacture a claim construction argument to overcome its failure to plausibly allege infringement.

3

(citation omitted). Although SpoonfulONE argues that it was pleading it the alternative, Ans. Br. at 10–11, nothing in the Amended Complaint indicates that it was doing so. *See Anthony Allega Cement Contractor, Inc. v. Johnson Controls Fed. Systems/Versar, LLC*, 2019 WL 1792201, at *7 (D. Del. Apr. 24, 2019) (citation omitted) ("[W]hile [a plaintiff] need not use particular words to plead in the alternative, it must use a formulation from which it can be reasonably inferred that this [is] what the plaintiff was doing."). The Court should not accept SpoonfulONE's contradictory allegations, even for its "offer for sale" theory.

SpoonfulONE's infringement allegations should be dismissed in their entirety.

## II. SPOONFULONE'S LANHAM ACT CLAIMS FAIL.

### A. SpoonfulONE Does Not Adequately Allege Proximate Causation.

SpoonfulONE agrees that the Lanham Act contains a statutory-standing requirement and that it must allege proximate causation to satisfy this requirement. *See* Ans. Br. at 12–13. To allege proximate causation, SpoonfulONE notes, "a plaintiff 'must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff.'" *Id.* at 12 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014)). But SpoonfulONE does no such thing. And because "proximate cause …

4

must be 'adequately alleged at the pleading stage in order for the case to proceed[,]'" *CareDx, Inc. v. Natera, Inc.*, 2019 WL 7037799, at *4 (D. Del. Dec. 20, 2019) (quoting *Lexmark*, 572 U.S. at 134 n.6)), the Court should dismiss Count II in its entirety for lack of statutory standing.

Even a "classic" case of Lanham Act false advertising must include plausible allegations of proximate causation. Ans. Br. at 13 (internal quotation marks omitted) (quoting *Lexmark*, 572 U.S. at 137). Yet SpoonfulONE points to only two allegations, which parrot the legal requirements: "Specifically, SpoonfulONE alleges it is in 'direct competition with RSF' and that RSF's false advertising has damaged SpoonfulONE by causing SpoonfulONE to lose sales and goodwill." Ans. Br. at 13 (first quoting Am. Compl. ¶ 44; and then citing *id.* ¶ 70).[3] SpoonfulONE cites *Frompovicz v. Niagara Bottling, LLC*, 337 F. Supp. 3d 498 (E.D. Pa. 2018) for support. But there, the plaintiff alleged a direct connection between its alleged injury and the defendants' conduct. *Id.* at 505 ("Defendants' wrongful conduct has resulted in increased sales of their own [spring water], hindering sales of Plaintiff's [spring water].") (citation omitted). Moreover, while focusing on the first part of Paragraph 44, SpoonfulONE ignores that later in Paragraph 44, it alleged "on information and belief" that it had lost sales to RSF. SpoonfulONE's plea that the Court take a

---

[3] Paragraph 70 of the Amended Complaint is SpoonfulONE's alleged injury for Count III (DTPA), **not** Count II (Lanham Act).

5

"reasonable inference"[4] from its pleading is meritless, as SpoonfulONE has pled key facts only "on information and belief." *See* Ans. Br. at 14. And SpoonfulONE's "lost sales" allegations don't identify any product on which it has actually lost sales.

Because "[t]here are simply no facts pled that plausibly allege a link" between RSF's statements and SpoonfulONE's alleged injury, the Court should dismiss Count II in its entirety for lack of statutory standing. *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 2017 WL 3021066, at *4 (D. Del. July 14, 2017).

### B. SpoonfulONE's Individual Lanham Act Claims Suffer from Pleading Defects.

Even if the Court does not dismiss Count II in its entirety, SpoonfulONE's Lanham Act claims concerning particular statements warrant dismissal. *See Registered Agent Sols., Inc. v. Corp. Serv. Co.*, 2022 WL 911253, at *2–5 (D. Del. Mar. 28, 2022) (determining whether Lanham Act claim was pled as to five distinct statements).

#### 1. SpoonfulONE's Lanham Act Claim Concerning the Advertising Material Was Wrongly Pled.

SpoonfulONE misses the point of RSF's argument concerning the Advertising Material, stating that "RSF argues (at 12-14) that SpoonfulONE's false advertising

---

[4] Indeed, publicly available websites demonstrate that there are other players in the allergen mix-in market, refuting any alleged reasonable inference. *See,* LIL MIXINS, https://www.lilmixins.com/ (last visited June 20, 2022); MISSION MIGHTY ME, https://missionmightyme.com/ (last visited June 20, 2022).

claim should be dismissed in its entirety because a single paragraph (¶ 41) discusses RSF advertisements that, according to RSF, 'do[] not belong under § 1125(a)(1)(B).'" Ans. Br. at 15. That portion of RSF's brief applies only to the Advertising Material (i.e., the allegations in Paragraph 41). D.I. 11 ("Op. Br.") at 4–5 (defining Advertising Material by the items in Paragraph 41 of the Amended Complaint). SpoonfulONE therefore relies on inapplicable portions of the Amended Complaint and never confronts the deficiencies in its Paragraph 41 allegations.

SpoonfulONE's Lanham Act false-advertising claim concerning the Advertising Material does not belong under 15 U.S.C. § 1125(a)(1)(B). Op. Br. at 12–14. This is not a mere technicality as SpoonfulONE suggests. *See* Ans. Br. at 15–16. False-advertising claims under § 1125(a)(1)(B) "do not require proof of secondary meaning, so litigants may be tempted to frame a false association claim [under § 1125(a)(1)(A)] as a false advertising claim, to ease their evidentiary burden." *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226 (3d. Cir. 2017). SpoonfulONE does not defend the propriety of its allegations in Paragraph 41, so they should be dismissed.

### 2. SpoonfulONE Does Not Allege that the Top 9 Allergens Statement Has a Tendency to Deceive.

SpoonfulONE responds to RSF's argument about the Top 9 Allergens Statements by accusing RSF of trying to resolve "factual issues." Ans. Br. at 16. But if there are factual issues, then the meaning of the Top 9 Allergens Statement is

7

ambiguous and, hence, not literally false. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 587 (3d Cir. 2002) ("[O]nly an unambiguous message can be literally false."). SpoonfulONE must therefore adequately allege that the Top 9 Allergens Statement has at least a tendency to deceive. But SpoonfulONE has offered nothing more than conclusory allegations. Op. Br. at 15.

SpoonfulONE attempts to compensate for this by asking the Court to view the Amended Complaint "in its entirety" to find the "required elements" of a Lanham Act claim. Ans. Br. at 17. But Lanham Act claims are not subject to a holistic analysis. Rather, "*[e]ach challenged statement* must satisfy **all** the Lanham Act's requirements." *Registered Agent Sols.*, 2022 WL 911253, at *2 (emphasis added) (internal quotation marks, citation, and alterations omitted). SpoonfulONE cannot "mix and match statements, with some satisfying one Lanham Act element and some satisfying others." *Id.* (citations omitted). Because SpoonfulONE has failed to allege an essential element of its Lanham Act claim concerning the Top 9 Allergens Statement, the Court should dismiss the claim.

### 3. SpoonfulONE Does Not Allege a Principal-Agent Relationship.

SpoonfulONE hangs its hat on a single phrase—"through its affiliate"—to argue that it has adequately alleged a principal-agent relationship between RSF and Prevent Food Allergies. Ans. Br. at 17 (internal quotation marks omitted) (quoting

8

Am. Compl. ¶ 42). But a case cited by SpoonfulONE shows that this allegation does not suffice. In *T-Jat Sys. 2006 v. Expedia, Inc.*, 2017 WL 896988 (D. Del. Mar. 7, 2017), the Court concluded that T-Jat had pled an agency theory of liability because it alleged, for example, that "Expedia–DE controls or otherwise directs and authorizes the activities of Expedia–WA." *Id.* at *5 (internal quotation marks). SpoonfulONE does not allege such control, direction, or authorization. Because "agency claims" must be supported by "sufficient facts," *Id.* at *6, SpoonfulONE's Lanham Act claim concerning the statement on preventallergies.org should be dismissed.

### III.   SPOONFULONE'S DELAWARE DECEPTIVE TRADE PRACTICES ACT CLAIMS FAIL.

#### A.   The FAQ Does Not Pose a Threat of Irreparable Harm, So It Cannot Violate 6 *Del. C.* § 2532(a)(5).

The basis of SpoonfulONE's claim under 6 *Del. C.* § 2532(a)(5) is that RSF had "made representations about the characteristics and ingredients of its good that the goods do not have." Am. Compl. ¶ 65. One of these representations was allegedly made in the FAQ and the Top 9 Allergens Statement. *Id.* ¶ 63. SpoonfulONE's alleged concern was that the FAQ appeared on RSF's website and the Stage 3 product page on Amazon.com. *Id.* ¶¶ 33–36. But the FAQ was taken down, Ans. Br. at 19, and RSF no longer uses the Top 9 Allergens Statement, mooting SpoonfulONE's concern. Op. Br. at 18. Accordingly, there is no threat of

9

irreparable harm, so SpoonfulONE cannot receive injunctive relief under the DTPA. *See Doe v. Del. State Univ. Bd. of Trs.*, 2021 WL 2036670, at *4 (D. Del. May 21, 2021). Because "relief under the DTPA is dependent on the party's entitlement to injunctive relief," *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, 2021 WL 2188219, at *5 (D. Del. May 28, 2021) (internal quotation marks and alterations omitted), the Court should dismiss SpoonfulONE's clam under § 2532(a)(5) to the extent it is based on the FAQ.

### B. SpoonfulONE Must Allege *More* Than "Likelihood of Confusion" to State a Claim Under § 2532(a)(2) and (3).[5]

Contrary to SpoonfulONE's suggestion, Ans. Br. at 19, merely alleging a likelihood of confusion is insufficient to state a claim under the DTPA.[6] First, DTPA claims that "use a 'likelihood of confusion' standard … are to be based on the 'approval, endorsement, or certification of goods or services caused by *trademarks, service marks, certification marks, or collective marks* likely to be associated with preexisting trade symbols,' or by 'misleading *trade names*.'" *Del. Solid Waste Auth. v. E. Shore Env't, Inc.*, 2002 WL 537691, at *5 (Del. Ch. Mar. 28, 2002) (citations omitted). SpoonfulONE has invoked none of these. Second, it is insufficient to

---

[5] SpoonfulONE asserts that it "states a claim under 6 *Del. C.* § 2532(a) because it alleges that RSF's advertising causes a likelihood of confusion," Ans. Br. at 19 (citation omitted), but SpoonfulONE has asserted only two DTPA claims that contain a likelihood-of-confusion requirement:  § (a)(2) and (3). Am. Compl. ¶ 66.
[6] SpoonfulONE's allegations about a two-player market are also not plausible. *See supra* note 4.

"point[] to similarities between [two products] while alleging confusion in the market." *Mitchell Lane Publishers, Inc. v. Rasemas*, 2014 WL 4925150, at *9 (Del. Ch. Sept. 30, 2014). But this is all SpoonfulONE does. Accordingly, the Court should dismiss SpoonfulONE's claim under § 2532(a)(2) and (3).

### C. SpoonfulONE Alleges No Theory of Vicarious Liability Supporting Its Claim Under § 2532(a)(8).

To support its claim under § 2532(a)(8), SpoonfulONE incorporates its argument that RSF somehow acted through Prevent Food Allergies. But SpoonfulONE asks the Court to read too much into the phrase "through its affiliate." Accordingly, the Court should dismiss SpoonfulONE's claim under § 2532(a)(8).

## CONCLUSION

For the foregoing reasons, the Court should dismiss SpoonfulONE's Amended Complaint in its entirety.

Dated: June 21, 2022

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Prollergy Corporation d/b/a Ready, Set, Food!*

11

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Defendant's Reply Brief in Support of Its Motion to Dismiss complies with the type, font, and word requirements set forth in the Court's November 6, 2019 Standing Order regarding Briefing in All Cases. The text of the brief, including footnotes, was prepared in 14-point Times New Roman font and contains 2,490 words.

/s/ *Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com

Dated:  June 21, 2022