# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEFORE Brands, Inc. d/b/a SpoonfulONE, and the Board of Trustees of the Leland Stanford Junior University, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.  21-1706-CFC |
| v. | ) ) | |
| Prollergy Corporation d/b/a Ready, Set, Food!, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

<div align="right">

Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Prollergy Corporation d/b/a Ready, Set, Food!*

</div>

Dated:  September 8, 2022

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITY ............................................................................ iii

PRELIMINARY STATEMENT ..................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ..................................2

STATEMENT OF FACTS ..........................................................................3

    I.     THE PATENTS-IN-SUIT ................................................................3

    II.    SPOONFULONE ASSERTS ITS LICENSED PATENTS .................5

    III.   SPOONFULONE's NON-PATENT CLAIMS ...................................6

ARGUMENT ...............................................................................................7

    I.     PLAINTIFFS' INFRINGEMENT ALLEGATIONS ARE
         DEFICIENT. ....................................................................................8

         A.    Plaintiffs Have Not Stated a Claim for Infringement of
               the '003 or '615 patent. ...............................................................8

         B.    Plaintiffs' Infringement Allegations for the '003 Patent
               are Deficient for Additional Reasons.........................................10

    II.    SPOONFULONE LACKS STATUTORY STANDING AND
         FAILS TO STATE A FASE-ADVERTISING CLAIM FOR
         UNDER THE LANHAM ACT..........................................................11

         A.    SpoonfulONE Lacks Statutory Standing to Bring Its
               Lanham Act Claim....................................................................12

         B.    Even if SpoonfulONE Had Statutory Standing, It Fails to
               State a False-Advertising Claim Under the Lanham Act. ........14

             1.    The Advertising Material Does Not Constitute
                    False Advertising Under § 1125(a)(1)(B). .....................15

             2.    SpoonfulONE Fails to Allege That the Top 9
                    Allergens Statement Had Even a Tendency to

i

Deceive a Substantial Portion of the Intended Audience. ........................................................17

   3. SpoonfulONE's Allegations Do Not Tie the Statement from Preventallergies.org to RSF. .................19

III. SPOONFULONE FAILS TO STATE A CLAIM UNDER THE DELAWARE DECEPTIVE TRADE PRACTICES ACT. ...............20

 A. SpoonfulONE's Claim Under 6 Del. C. § 2532(a)(8) Fails Because RSF Did Not Make the Statement on Preventallergies.org. .................................................................20

 B. SpoonfulONE's Claim Under 6 Del. C. § 2532(a)(5) Fails Because SpoonfulONE Cannot Show That the FAQ Threatens Irreparable Harm Absent Injunctive Relief. .............21

 C. SpoonfulONE's Advertising Material Claim Under 6 Del. C. § 2532(a)(2) and (3) Fails Because SpoonfulONE Has Not Identified Any Protectable Trade Identification. ........22

CONCLUSION .........................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................7

*Bally Total Fitness Holding Corp. v. Liberation Invs., L.P.*,
2005 WL 3525679 (D. Del. Dec. 22, 2005) .....................................22

*Boston Sci. Corp. v. Nevro Corp.*,
415 F. Supp. 3d 482 (D. Del. 2019)..............................................8, 18

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ......................................................10

*Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*,
2018 WL 5109836 (D. Del. Oct. 18, 2018).......................................19

*British Telcoms. PLC v. IAC/InteractiveCorp*,
356 F. Supp. 3d 405 (D. Del. 2019)...............................................19

*CareDx, Inc. v. Natera, Inc.*,
2019 WL 7037799 (D. Del. Dec. 20, 2019) .................................12, 13

*Del. Solid Waste Auth. v. E. Shore Envtl., Inc.*,
2002 WL 537691 (Del. Ch. Mar. 28, 2002) ................................23, 24

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*,
2020 WL 2220031 (D. Del. May 7, 2020) .........................................8

*Doe v. Del. State Univ. Bd. of Trs.*,
2021 WL 2036670 (D. Del. May 21, 2021) .......................................21

*Fischbein v. Olson Rsch. Grp., Inc.*,
959 F.3d 559 (3d Cir. 2020) ..............................................................7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)....................................................................12, 15

*Mattis v. Pa. Dep't of Corr.*,
2022 WL 610793 (3d Cir. Mar. 2, 2022)...........................................20

*Maya Swimwear, Corp. v. Maya Swimwear, LLC*,
  789 F.Supp.2d 506 (D. Del. 2011) ....................................................17

*Mitchell Lane Publrs., Inc. v. Rasemas*,
  2014 WL 4925150 (Del. Ch. Sept. 30, 2014) ...............................23, 24

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
  2017 WL 3021066 (D. Del. July 14, 2017) .......................................13

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer
  Pharms. Co.*,
  290 F.3d 578 (3d Cir. 2002) ..............................................................18

*Oakwood Labs. LLC v. Thanoo*,
  999 F.3d 892 (3d Cir. 2021) ................................................................8

*Parks LLC v. Tyson Foods, Inc.*,
  863 F.3d 220 (3d Cir. 2017) .................................................16, 17, 23

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
  2021 WL 2188219 (D. Del. May 28, 2021) .......................................21

*Registered Agent Sols., Inc. v. Corp. Serv. Co.*,
  2022 WL 911253 (D. Del. Mar. 28, 2022) ...................................14, 15

*Shure Inc. v. ClearOne, Inc.*,
  2020 WL 2839294 (D. Del. June 1, 2020) ...................................14, 17

*SuperInterconnect Techs. LLC v. HP Inc.*,
  2019 WL 6895877 (D. Del. Dec. 18, 2019) ........................................9

*Superior Indus., LLC v. Thor Glob. Enters. Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012) .........................................................11

*Tygon Peak Cap. Mgmt., LLC v. Mobile Invs. Investco, LLC*,
  2022 WL 34688 (Del. Ch. Jan. 4, 2022) ............................................21

## STATUTES & RULES

6 *Del. C.* § 2532(a)(2) ...........................................................20, 22, 23, 24

6 *Del. C.* § 2532(a)(3) ...........................................................20, 22, 23, 24

6 *Del. C.* § 2532(a)(5) ...............................................................20, 21, 22

6 *Del. C.* § 2532(a)(8) .................................................................20, 21

15 U.S.C. § 1125(a)(1)(A) ..........................................................15, 16, 17

Fed. R. Civ. P. 12(b)(6)...............................................................12

**OTHER AUTHORITIES**

Allergens Statement. Food Allergen Labeling and Consumer Protection Act
    of 2004, Pub. L. No. 108-282, § 202(2)(A).......................................18

Allergens Statement. Food Allergen Labeling and Consumer Protection Act
    of 2004, Pub. L. No. 108-282, § 203(c)............................................18

## **PRELIMINARY STATEMENT**

Defendant Prollergy Corporation d/b/a Ready, Set, Food! ("RSF") is a startup company dedicated to helping prevent food allergies in children through early introduction of common food allergens.  Plaintiff BEFORE Brands, Inc. d/b/a SpoonfulONE ("SpoonfulONE") is a more established company also selling products directed to early introduction of food allergens.  Apparently threatened by RSF's products being introduced into the marketplace, SpoonfulONE has chosen litigation, now asserting two patent infringement claims, a Lanham Act claim, and a claim under Delaware's Deceptive Trade Practices Act (the "DTPA").

SpoonfulONE's Second Amended Complaint comes after numerous discussions between the parties and full briefing on RSF's Motion to Dismiss the First Amended Complaint.  Despite this lengthy history, SpoonfulONE and the Board of Trustees of the Leland Stanford University ("Stanford," and together with SpoonfulONE, "Plaintiffs") still fail to provide a plausible patent infringement claim.  In their infringement allegations, Plaintiffs do not make specific allegations linking RSF's products to the asserted claims.  Instead, Plaintiffs' key allegations are stated "on information and belief" and fail to provide any facts suggesting a plausible infringement claim.  Plaintiffs' patent infringement claims should be dismissed.

Despite being on notice of RSF's arguments for dismissing the Lanham Act and DTPA counts, SpoonfulONE did not fix its deficiencies in the Second Amended Complaint.   Most critically, SpoonfulONE does not plead facts sufficient to demonstrate it has standing under the Lanham Act.   SpoonfulONE's theory is that allegedly false statements by RSF about RSF's own products could have led SpoonfulONE to lose sales.   No allegations support such an inference, nor is such an inference logical.   For this reason and the other defects in its pleading, SpoonfulONE's remaining claims should be dismissed.

Because SpoonfulONE has had ample time to add sufficient facts to its pleading, any dismissal should be with prejudice.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 2, 2021, SpoonfulONE filed a single-count patent infringement Complaint against RSF.  D.I. 1.  On February 25, 2022, SpoonfulONE filed its First Amended Complaint.  D.I. 6 (the "FAC").  On April 28, 2022, RSF moved to dismiss the First Amended Complaint.  D.I. 10.  That motion was fully briefed, D.I. 11, D.I. 15, D.I. 16, and RSF requested oral argument on it, D.I. 17.   On August 15, 2022, the parties filed a stipulation allowing SpoonfulONE to amend its First Amended Complaint by adding Stanford as a plaintiff and an additional infringement claim. D.I. 18.  On August 17, 2022, the Court entered the parties' stipulation.  D.I. 19.  On

August 19, 2022, Plaintiffs filed a four-count Second Amended Complaint.  D.I. 20 (the "SAC").[1]  This is RSF's opening brief in support of its Motion to Dismiss.

## STATEMENT OF FACTS

### I.    THE PATENTS-IN-SUIT

Stanford owns all rights, title, and interest in and to the '003 Patent and the '615 Patent (together, the "patents-in-suit").  SAC ¶ 22.  The patents-in-suit are directed to mixed-allergen compositions created by combining the flours and powders of different allergens (e.g., nut allergens, animal allergens).  *Id.* ¶¶ 20–21.

Plaintiffs focus on claim 9 of the '003 Patent, which provides:

> A unit composition comprising a mixed allergen composition comprising 6 to 20 different flours or powders, and wherein:
>
> at least one flour is selected from the group consisting of walnut, hazelnut, peanut, cashew, almond, pistachio, and pecan;
>
> at least one animal powder is selected from the group consisting of shrimp, salmon, egg and milk; and
>
> at least one non-nut plant flour is selected from the group consisting of wheat, sesame, and oat,

---

[1] In Count I, Plaintiffs allege that Stage 3 infringes at least claim 9 of U.S. Patent No. 9,731,003 ("the '003 Patent). SAC ¶¶ 1, 16, 50–57.  In Count II, Plaintiffs allege that Stage 3 infringes at least claim 2 of U.S. Patent No. 11,278,615 ("the '615 Patent).  *Id.* ¶¶ 1, 17, 58–64.  In Count III, Plaintiffs allege that RSF has engaged in false advertising under the Lanham Act (15 U.S.C. § 1125(a)(1)(B)).  *Id.* ¶¶ 3, 65–73.  Finally, in Count IV, Plaintiffs allege that RSF has violated various provisions of the DTPA.  *Id.* ¶¶ 4, 74–83.

> wherein the unit composition comprises equal parts by
> protein weight of each flour or powder.

During prosecution, Stanford received rejections on several grounds and, in response, amended its pending claims. Following those amendments, in the reasons for allowance, the Examiner stated, in part: "The claims are allowable because the Examiner find [sic] no art wherein the combination of the flours or powders are 'equal parts protein weight' of the flours or powders." Ex. A ¶ 11(A). Accordingly, the "equal parts by protein weight" limitation was key to the patent being issued.

The '615 Patent was filed on April 23, 2021, immediately after RSF released its Stage 3 product. The '615 Patent purports to claim priority to the same provisional application as the '003 Patent. Plaintiffs have focused on claim 2, which claims:

> A mixed allergen composition of 9 different allergen
> flours or powders, comprising:
>
> 0.1% to 15% by protein weight walnut flour;
>
> 0.1% to 15% by protein weight cashew flour;
>
> 0.1% to 15% by protein weight almond flour;
>
> 0.1% to 15% by protein weight peanut flour;
>
> 0.1% to 15% by protein weight sesame flour;
>
> 0.1% to 15% by protein weight soy flour;
>
> 0.1% to 15% by protein weight wheat flour;
>
> 0.1% to 15% by protein weight milk powder; and

> 0.1% to 15% by protein weight of a vertebrate animal allergen selected from the group consisting of salmon powder, egg powder and cod powder.

## II.   SPOONFULONE ASSERTS ITS LICENSED PATENTS

In March 2021, RSF launched "Stage 3," a mix-in allergen product.  SAC ¶ 26.  Stage 3 includes nine allergens:  egg, peanut, milk, cashew, almond, walnut, sesame, soy, and wheat.  *See id.* ¶ 29.  In March 2022, RSF introduced Organic Baby Oatmeal, containing the same nine allergens as Stage 3.  *Id.* ¶ 30.

On April 21, 2021, SpoonfulONE sent a letter to RSF informing RSF of its intellectual property portfolio licensed from Stanford.  *Id.* ¶ 31.  Although SpoonfulONE alleges that this letter claimed that Stage 3 infringed the '003 Patent, *id.*, the letter contained no infringement allegations and no claim chart.  Ex. B.

On September 14, 2021, SpoonfulONE sent RSF a follow-up letter, which included information about a pending patent application, which subsequently issued as the '615 Patent.  SAC ¶ 33.  Like the April 21, 2021 letter, the September 14, 2021 letter contained no infringement allegations, no claim chart, and no analysis of RSF's products.  Ex. C.  RSF's counsel responded with a letter stating, "[W]e do not believe that the Stage 3 formulation infringes."  SAC ¶ 34; Ex. D.

Rather than respond to RSF's letter, SpoonfulONE filed its Complaint on December 2, 2021.  D.I. 1.  SpoonfulONE then sent the Complaint to RSF without formally serving it or asking RSF to accept service.  The parties then exchanged a

series of communications in which RSF indicated it did not infringe the '003 Patent. *See, e.g.*, Exs. E–G.  Rather than use those communications to understand how RSF did not infringe or to explain how it believed RSF infringed, SpoonfulONE chose to file its First Amended Complaint, using statements from the communications as a basis for additional claims.  SAC ¶¶ 40, 42.

## III.   SPOONFULONE's NON-PATENT CLAIMS

With  SpoonfulONE's  First  Amended  Complaint,  SpoonfulONE  attacked certain statements and advertising by RSF, allegations that appear largely unchanged in the Second Amended Complaint.

SpoonfulONE's claims are based on four categories of statements.  First, until around December 13, 2021, a Frequently Asked Questions ("FAQ") page on RSF's website included a statement that "Stage 3 will contain a total of 2 g of protein per week for each allergen with the exception of egg whites.  The egg white protein will be 1g total per week." (the "FAQ").  SAC ¶¶ 38–39.  A similar statement appeared on Amazon.com in response to a question.  *Id.* ¶ 41.

Second, RSF previously stated that Stage 3 contains the "[t]op 9 allergens" (the "Top 9 Allergens Statement").  *Id.* ¶ 43.  The Top 9 Allergens Statement has appeared on Stage 3 packaging, RSF's Instagram account, and the Stage 3 product page on Amazon.com.  *Id.*

Third, advertising materials or social media posts for Stage 3 included an image of the product's package surrounded by generic pictures of the allergens that Stage 3 contains; the imperative "Don't delay, introduce today"; and the opinion "Parenting is hard. Introducing your child to food allergens shouldn't be."[2] (collectively, the "Advertising Material"). *Id.* ¶ 46.

Finally, the website preventallergies.org allegedly displayed a chart comparing Stage 3 with SpoonfulONE's products. *Id.* ¶ 47. The chart stated that one of SpoonfulONE's products contained nine allergens when the current version allegedly contains sixteen. *Id.*

## **ARGUMENT**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020) (internal quotation marks and citation omitted). Additionally, courts "disregard threadbare recitals of the elements of a cause of action, legal conclusions,

---

[2] Although SpoonfulONE alleges that RSF copied its advertisements, none of the advertisements in the Second Amended Complaint are dated to indicate which came first.

and conclusory statements." *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal quotation marks and citation omitted).

## I.   PLAINTIFFS' INFRINGEMENT ALLEGATIONS ARE DEFICIENT.

"To plead direct infringement, a plaintiff must allege facts that plausibly indicate that the accused products contain each of the limitations found in the claim." *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (internal quotation marks and citation omitted); *see also DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, 2020 WL 2220031, at *1 (D. Del. May 7, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 6867103 (D. Del. Nov. 23, 2020). A plaintiff must "show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Boston Sci.*, 415 F. Supp. 3d at 489 (emphasis in original) .

### A.   Plaintiffs Have Not Stated a Claim for Infringement of the '003 or '615 patent.

Plaintiffs allege that Stage 3 "infringes at least claim 9 of the '003 Patent" and that Stage 3 and Organic Baby Oatmeal "infringe at least claim 2 of the '615 Patent." SAC ¶¶ 35, 36, 51, 59.  As to the key claim elements, claim 9 of the '003 patent discloses a "unit composition" that "comprises equal parts by protein weight of each flour or powder."  SAC, Ex. A, at 18–19.  And claim 2 of the '615 patent requires that the mixed-allergen composition of the 9 different allergens comprises "0.1% to 15% by protein weight" of each allergen flour or powder.  SAC, Ex. B, at 28.

8

Accordingly, the precise allergen composition of RSF's products is critical to Plaintiffs' infringement claims and, especially in the case of the '003 Patent, was critical to the patent being allowed.

Yet Plaintiffs make their allegations about this critical feature of RSF's products "[o]n information and belief."   SAC ¶ 56 (emphasis added) ("***On information and belief***, the unit composition of the Stage 3 Product comprises equal parts by protein weight …."); *id.* ¶ 62 (emphasis added) ("***On information and belief***, the Accused Products contain 0.1% and 15% by protein weight of [various allergen flours and powders] …."). Plaintiffs do not cite any factual information or provide any citations (or even photos) to RSF's products to support their infringement allegations.

This Court has found allegations insufficient where "they fail to allege facts showing *how* the technology, the standard, or the accused product plausibly reads on the claim elements." *SuperInterconnect Techs. LLC v. HP Inc.*, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019) (emphasis in original). That is precisely what Plaintiffs have done here. No allegations identify any facts supporting infringement of either patent.

Plaintiffs also accuse the Oatmeal of infringing only the '615 patent, whereas they accuse Stage 3 of infringing both patents. Accordingly, Plaintiffs must have some facts supporting their allegations that the Oatmeal, which has the same nine

allergens, does not contain "equal parts by protein weight" but Stage 3 does.  Yet there are absolutely no facts alleged giving RSF notice of Plaintiffs' various infringement theories.

Accordingly, Plaintiffs have not plausibly alleged infringement of claim 9 of the '003 Patent or claim 2 of the '516 Patent.  The Court should dismiss Counts I and II of the Second Amended Complaint with prejudice.

### B.   Plaintiffs' Infringement Allegations for the '003 Patent are Deficient for Additional Reasons.

While Plaintiffs have not stated a patent infringement claim at all, their allegations with respect to the '003 Patent suffer from additional deficiencies.

First, although Plaintiffs allege without support that "the unit composition of … Stage 3 … comprises equal parts by protein weight," SAC ¶ 56, they contradict that allegation multiple times; indeed, the *falsity* of that allegation is critical to portions of SpoonfulONE's claims under the Lanham Act and the DPTA.  *See id.* ¶ 66 ("Defendant has made false or misleading statements regarding the Stage 3 Product, advertising it as comprising equal parts by protein weight ..."); *id.* ¶ 75 ("Defendant … has falsely advertised and/or continues to falsely advertise that the ingredients of the Stage 3 Product comprise equal parts by protein weight …. Defendant has admitted through counsel that the advertised composition of the Stage 3 Product ingredients is false.").  Factual allegations that are inconsistent with infringement are "insufficient to state a plausible claim."  *Bot M8 LLC v. Sony Corp.*

10

*of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021).  Here, Plaintiffs cannot claim (without factual support) that Stage 3 meets the "equal parts" limitation **and** that such a statement is literally false.

Second, Plaintiffs theorize that, "[a]t a minimum, [RSF] offered for sale the Stage 3 Product as comprising equal parts by protein weight …."  SAC ¶ 56.  However, Plaintiffs have no factual allegations supporting their "offer for sale" theory.  An offer for sale "sufficient to give rise to liability for patent infringement must meet the traditional contract law definition of that term."  *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1294 (Fed. Cir. 2012).  Plaintiffs actually allege that the FAQ is an "advertisement and/or offer for sale."  SAC ¶¶ 39, 41–42.  Other than this noncommittal "and/or" allegation, Plaintiffs have not pled any facts showing that the FAQ constitutes an offer for sale.  Indeed, by its plain language, the FAQ indicates that Stage 3 **will** contain certain items, not even indicating a present availability.  *Id.* ¶¶ 39, 41.  Absent sufficient factual allegations to suggest that the FAQ was an offer for sale, Plaintiffs' "offer for sale" theory, designed to save their deficient infringement allegations, should be dismissed.

## II.   SPOONFULONE LACKS STATUTORY STANDING AND FAILS TO STATE A FASE-ADVERTISING CLAIM FOR UNDER THE LANHAM ACT.

In Count III of its Second Amended Complaint, SpoonfulONE alleges that the Advertising Material, the FAQ, the Top 9 Allergens Statement, and information on

preventallergies.org constitute false advertising under the Lanham Act.  SAC ¶¶ 65–73.  But SpoonfulONE lacks statutory standing and has failed to state a false-advertising claim under the Lanham Act, so Count III should be dismissed in its entirety.

**A.   SpoonfulONE Lacks Statutory Standing to Bring Its Lanham Act Claim.**

The Lanham Act contains a "statutory standing" requirement.  *See CareDx, Inc. v. Natera, Inc.*, 2019 WL 7037799, at *4 (D. Del. Dec. 20, 2019) (internal quotation marks omitted) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)), *report and recommendation adopted*, 2020 WL 401773 (D. Del. Jan. 24, 2020).[3]  Specifically, "a statutory cause of action under the Lanham Act extends only to plaintiffs whose 'injuries are proximately caused by violations of the statute.'"  *CareDx*, 2019 WL 7037799, at *3 (quoting *Lexmark*, 572 U.S. at 132).  Accordingly, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising."  *Lexmark*, 572 U.S. at 133.  That direct connection "occurs when deception of consumers causes them to withhold trade from the plaintiff."  *Id.*

---

[3] Unlike Article III standing, statutory standing "does not implicate subject-matter jurisdiction."  *CareDx*, 2019 WL 7037799, at *4 (internal quotation marks omitted) (quoting *Lexmark*, 572 U.S. at 134 n.6).  Accordingly, a motion to dismiss for lack of statutory standing is properly considered under FED. R. CIV. P. 12(b)(6).  *Id.*

Here, although SpoonfulONE purports to allege a cognizable injury (i.e., "loss of sales and goodwill"), SAC ¶ 49, it alleges no facts supporting even a reasonable inference that any challenged statement caused consumers to withhold trade.

SpoonfulONE does not—as it must—connect any challenged statement to the alleged lost sales or goodwill. *See Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 2017 WL 3021066, at *4 (D. Del. July 14, 2017) ("There are simply no facts pled that plausibly allege a link between ECC's lost sales or goodwill and Nespresso's [allegedly false] statements about the environmental impact of its capsules."). SpoonfulONE cannot have the Court fill in the blank. *See id.* Nor is it plausible that the Court ***could*** fill in the blank. Even if SpoonfulONE could prove that RSF has made false or misleading statements about RSF's own products, there are no facts suggesting such statements could cause SpoonfulONE to lose sales. For example, with the Top 9 Allergens Statement, SpoonfulONE has not pled any facts suggesting that it would lose customers because Stage 3 has nine allergens when SpoonfulONE alleges its product has sixteen. Nor has SpoonfulONE tied the FAQ to any plausible inference of actual lost sales.

Because SpoonfulONE has not alleged any facts supporting proximate cause, and because "proximate cause … must be 'adequately alleged at the pleading stage in order for the case to proceed,'" *CareDx*, 2019 WL 7037799, at *4 (quoting

*Lexmark*, 572 U.S. at 134 n.6), the Court should dismiss SpoonfulONE's Lanham

Act claim in its entirety for lack of statutory standing.

### B.     Even if SpoonfulONE Had Statutory Standing, It Fails to State a False-Advertising Claim Under the Lanham Act.

To state a false-advertising claim under the Lanham Act, a plaintiff must plead

facts plausibly showing:

> (1) that the defendant has made false or misleading statements in commercial advertising or promotion as to the defendant's own product or another's;
>
> (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;
>
> (3) that the deception is material in that it is likely to influence purchasing decisions;
>
> (4) that the advertised goods traveled in interstate commerce; and
>
> (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Shure Inc. v. ClearOne, Inc.*, 2020 WL 2839294, at *5 (D. Del. June 1, 2020)

(citations omitted), *report and recommendation adopted*, 2020 WL 8258362 (D.

Del. June 18, 2020).

Importantly, "*[e]ach* challenged statement must satisfy *all* the Lanham Act's

requirements."   *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, 2022 WL 911253,

at *2 (D. Del. Mar. 28, 2022) (emphasis added) (alterations, internal quotation

marks, and citation omitted).  A plaintiff "may not mix and match statements, with

some satisfying one Lanham Act element and some satisfying others." *Id.* (internal quotation marks and citations omitted).  Rather, SpoonfulONE's Second Amended Complaint must plausibly allege ***all*** the elements of a Lanham Act false-advertising claim for ***each*** of the four instances of alleged false advertising.  *Id.*

### 1.   The Advertising Material Does Not Constitute False Advertising Under § 1125(a)(1)(B).

SpoonfulONE fails to state a Lanham Act false-advertising claim concerning the Advertising Material because that claim is actually a false-association claim. "Section 1125(a) … creates two distinct bases of liability: false association, §1125(a)(1)(A), and false advertising, §1125(a)(1)(B)." *Lexmark*, 572 U.S. at 122. Here, SpoonfulONE has brought all of its Lanham Act claims under Section 1125(a)(1)(B).  *See* SAC ¶ 3 ("[T]his is an action for false advertising arising under … the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) …."). The false-advertising provision prohibits conduct that, "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of … goods …."  15 U.S.C. § 1125(a)(1)(B).  By contrast, the false-association provision prohibits conduct that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association … as to the origin, sponsorship, or approval of [a person's] goods … by another person."  15 U.S.C. § 1125(a)(1)(A).

Here, SpoonfulONE pleads its Lanham Act claim concerning the Advertising Material as a false-advertising claim, but it is actually a false-association claim.

SpoonfulONE's claim is that "Defendant, throughout its advertisements, has used themes, colors, slogans, and motifs that closely resemble SpoonfulONE's advertisements.  On information and belief, consumers are confused by Defendant's similar branding and conflate the products from the two brands."  SAC ¶ 46; *see also id.* (purporting to display "visual examples of RSF's deliberate mimicking of SpoonfulONE's branding and advertisements in a way that misleads consumers").

Thus, SpoonfulONE's concern is not that RSF's advertisements misrepresent any feature of RSF's goods.  Rather, SpoonfulONE's concern is that consumers will see RSF's advertisements, mistake them for SpoonfulONE's, and then accidentally purchase RSF's products instead of SpoonfulONE's.  This is precisely the situation that Section 1125(a)(1)(B) does not embrace:

> "Absent a false statement about geographic origin, a misrepresentation is actionable under § 1125(a)(1)(B) only if it misrepresents the characteristics of the good itself-such as its properties or capabilities. ***The statute does not encompass misrepresentations about the source of the ideas embodied in the object (such as a false designation of authorship)***[.]"

*Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226–27 (3d Cir. 2017) (emphasis added) (quoting *Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 796 F.3d 576, 590 (6th Cir. 2015)); *see also id.* at 227 ("[The plaintiff's] false advertising claim fails because it depends upon the purported false association between [the defendant's] PARK'S FINEST brand and the [plaintiff's] PARKS mark.").  If SpoonfulONE were to instead argue that its claim arises under Section

1125(a)(1)(A), its claim would fail because it has not alleged any of the elements of trademark infringement as required.  *See Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F.Supp.2d 506, 513 (D. Del. 2011).

Because SpoonfulONE's Lanham Act claim concerning the Advertising Material does not belong under Section 1125(a)(1)(B), the Court should dismiss that claim.[4]

### 2.   SpoonfulONE Fails to Allege That the Top 9 Allergens Statement Had Even a Tendency to Deceive a Substantial Portion of the Intended Audience.

"[T]o establish a false advertising claim under the Lanham Act, a plaintiff must plead," among other things, "that the statements actually deceived, or had at least a tendency to deceive, a substantial portion of the intended audience." *Shure*, 2020 WL 2839294, at *8 (citation omitted).  If a plaintiff alleges "literal falsity," that suffices to allege actual deception.  *Id.* (citations omitted).

Although SpoonfulONE alleges that the Top 9 Allergens Statement is false, it does not (and cannot) allege that the statement is literally false.  SpoonfulONE alleges that the Top 9 Allergens Statement is false because Stage 3 does not contain fish or shellfish, which—according to SpoonfulONE—are among "[t]he 'top 9

---

[4] SpoonfulONE's pleading failure is not a mere technicality.  False-advertising claims under Section 1125(a)(1)(B) "do not require proof of secondary meaning, so litigants may be tempted to frame a false association claim [under Section 1125(a)(1)(A)] as a false advertising claim, to ease their evidentiary burden." *Parks*, 863 F.3d at 226.

allergens' as defined by the Food Allergen Labeling and Consumer Protection Act of 2004." SAC ¶ 44.  But the Act refers to 8 "Major" food allergens and is therefore irrelevant to the Top 9 Allergens Statement.  Food Allergen Labeling and Consumer Protection Act of 2004, Pub. L. No. 108-282, § 202(2)(A), 118 Stat. 905, 906; *id.* § 203(c), 118 Stat. 905, 908 (amending 21 U.S.C. § 321).  Further, the meaning of "top"—as used in the Top 9 Allergens Statement—is ambiguous at best.  And "only an unambiguous message can be literally false." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 587 (3d Cir. 2002).

Next, SpoonfulONE has not adequately pled that the Top 9 Allergens Statement actually deceived or even tended to deceive a substantial portion of the intended audience.  It merely pleads that "Defendant's conduct has caused actual deception or at least a tendency to deceive a substantial portion of consumers who buy such products." SAC ¶ 70.  But "[a] complaint must include more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' to survive a motion to dismiss." *Boston Sci.*, 415 F. Supp. 3d at 492 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, the Court should dismiss SpoonfulONE's Lanham Act claim concerning the Top 9 Allergens Statement.

### 3. SpoonfulONE's Allegations Do Not Tie the Statement from Preventallergies.org to RSF.

SpoonfulONE's allegation that RSF acted "through its affiliate Prevent Food Allergies" to make a statement on preventallergies.org, SAC ¶ 47, ignores the "presumption of corporate separateness." *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, 2018 WL 5109836, at *4 (D. Del. Oct. 18, 2018). Even in the parent-subsidiary context, "[a] parent company is not liable for the actions of its subsidiary solely because of the parent-subsidiary relationship." *British Telcoms. PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 409 (D. Del. 2019) (internal quotation marks and citation omitted). To hold a parent liable for its subsidiary's conduct, a plaintiff must allege a theory of vicarious liability, such as the alter ego theory or the agency theory. *Id.*

But here, SpoonfulONE does not allege that RSF and preventallergies.org have a parent-subsidiary relationship or that the entities are alter egos. SpoonfulONE alleges only that RSF and preventallergies.org are "affiliates." Because SpoonfulONE has not plausibly tied RSF to statements on preventallergies.org, the "presumption of corporate separateness" prevails. *Bristol-Myers*, 2018 WL 5109836, at *4. Accordingly, the Court should dismiss SpoonfulONE's Lanham Act claim concerning information on preventallergies.org.

For the reasons stated above, the Court should dismiss Count III of the Second Amended Complaint in its entirety.

19

## III.   SPOONFULONE   FAILS   TO   STATE   A   CLAIM   UNDER   THE DELAWARE DECEPTIVE TRADE PRACTICES ACT.[5]

In Count IV of its Second Amended Complaint, SpoonfulONE alleges several violations of the DTPA.  Specifically, it alleges that the FAQ and Top 9 Allergens Statement violate 6 *Del. C.* § 2532(a)(5), that the Advertising Material violates § 2532(a)(2) and (a)(3), and that the information on preventallergies.org violates § 2532(a)(8).  *See* SAC ¶¶ 77–79.  Because SpoonfulONE fails to state a claim as to each of these DTPA claims, the Court should dismiss Count IV in its entirety.

### A.   SpoonfulONE's Claim Under 6 *Del. C.* § 2532(a)(8) Fails Because RSF Did Not Make the Statement on Preventallergies.org.

Under 6 *Del. C.* § 2532(a)(8), "[a] person engages in a deceptive trade practice when … that person … [d]isparages the goods, services, or business of another by false or misleading representation of fact."   But SpoonfulONE alleges that "Defendant, through its affiliate, has made false and disparaging statements regarding [Plaintiff's] products."  SAC ¶ 79; *see also id.* at ¶ 47.  Thus, under the plain language of Section 2532(a)(8), SpoonfulONE has failed to state a claim; it has not alleged that RSF is the entity that disparaged its products.   Nor has SpoonfulONE made any allegations supporting vicarious liability against RSF.

---

[5] If the Court dismisses Counts I, II, and III of the Second Amended Complaint, it should not exercise supplemental jurisdiction over SpoonfulONE's state-law claim in Count IV.  *See Mattis v. Pa. Dep't of Corr.*, 2022 WL 610793, at \*4 (3d Cir. Mar. 2, 2022).

Accordingly, the Court should dismiss SpoonfulONE's DTPA claim under Section 2532(a)(8).

**B.    SpoonfulONE's Claim Under 6 *Del. C.* § 2532(a)(5) Fails Because SpoonfulONE Cannot Show That the FAQ Threatens Irreparable Harm Absent Injunctive Relief.**

"[R]elief under the DTPA 'is dependent on [the party's] entitlement to injunctive relief.'" *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, 2021 WL 2188219, at *5 (D. Del. May 28, 2021) (quoting *Agilent Techs., Inc. v. Kirkland*, 2009 WL 119865, at *10 (Del. Ch. Jan. 20, 2009)).  This is because "[t]he DTPA was designed to prevent patterns of deceptive conduct, not isolated incidents." *Tygon Peak Cap. Mgmt., LLC v. Mobile Invs. Investco, LLC*, 2022 WL 34688, at *28 (Del. Ch. Jan. 4, 2022) (internal quotation marks and citation omitted).

Here, there is no plausible need for injunctive relief with respect to the FAQ or the Top 9 Allergens Statement.  If SpoonfulONE cannot show irreparable harm, the injunction analysis ends.  *Doe v. Del. State Univ. Bd. of Trs.*, 2021 WL 2036670, at *4 (D. Del. May 21, 2021) ("Because Plaintiff has failed to establish that he would suffer irreparable harm without injunctive relief, this Court need not reach the remaining factors in the four-part analysis.").  SpoonfulONE concedes that the FAQ no longer appears on the "FAQ" page on RSF's website.  SAC ¶ 39 (emphasis added) (noting that the statement appeared "[a]t least ***until*** December 13, 2021").  And it no longer appears on Amazon.com.  Ex. H.  Similarly, RSF no longer advertises Stage

3 as containing the "top 9 allergens"; it advertises Stage 3 as containing "9 top allergens" and "9 of the top allergens."  Ex. I.

Because RSF is no longer using the FAQ or the Top 9 Allergens Statement, SpoonfulONE cannot show the irreparable harm needed to secure injunctive relief. *Cf. Bally Total Fitness Holding Corp. v. Liberation Invs., L.P.*, 2005 WL 3525679, at *1–2 (D. Del. Dec. 22, 2005) (citation omitted) (concluding plaintiff could not show irreparable harm because defendants had cured the defect before the preliminary-injunction proceeding).  Because SpoonfulONE cannot show that it is entitled to injunctive relief, the Court should dismiss SpoonfulONE's DTPA claim under Section 2532(a)(5).

### C.   SpoonfulONE's Advertising Material Claim Under 6 *Del. C.* § 2532(a)(2) and (3) Fails Because SpoonfulONE Has Not Identified Any Protectable Trade Identification.

Under 6 *Del. C.* § 2532(a)(2) and (3),

[a] person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person:

…

(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

SpoonfulONE alleges that the Advertising Material violates these paragraphs because it "causes a likelihood of confusion."  SAC ¶ 78.

But merely alleging a likelihood of confusion is insufficient.  That confusion must be "of a type contemplated by the [DTPA]."  *Mitchell Lane Publrs., Inc. v. Rasemas*, 2014 WL 4925150, at *8 (Del. Ch. Sept. 30, 2014).  Specifically, claims brought under Sections 2532(a)(2) and (a)(3) "are to be based on the 'approval, endorsement, or certification of goods or services caused by *trademarks, service marks, certification marks, or collective marks* likely to be associated with preexisting trade symbols,' or by 'misleading *trade names*.'"  *Del. Solid Waste Auth. v. E. Shore Envtl., Inc.*, 2002 WL 537691, at *5 (Del. Ch. Mar. 28, 2002) (emphasis in original) (first quoting UNIF. DECEPTIVE TRADE PRACTICES ACT § 2(a)(2), cmt.; then quoting UNIF. DECEPTIVE TRADE PRACTICES ACT § 3(a)(2), cmt); *accord Mitchell*, 2014 WL 4925150, at *8.[6]

Here, SpoonfulONE's claim under Section 2532(a)(2) and (a)(3) is not based on any protectable trade identification, so the claim is "not legally cognizable."  *Del. Solid Waste Auth.*, 2002 WL 537691, at *5.  SpoonfulONE does not allege that it holds a registered trademark as to the themes, colors, slogans, or motifs in its advertisements.  Nor does SpoonfulONE allege anything distinctive about them.  *See Parks*, 863 F.3d at 230 ("A valid and legally protectable mark must be 'distinctive'

---

[6] Delaware courts look to the Uniform Deceptive Trade Practices Act and its comments because "[t]he Delaware Deceptive Trade Practices Act … 'codifies [the 1964] Uniform Deceptive Trade Practices Act ….'"  *Mitchell*, 2014 WL 4925150, at *8 (quoting *Del. Solid Waste Auth.*, 2002 WL 537691, at *5).

….").  At bottom, "even if [SpoonfulONE's] claims are assumed to be factually true, under no set of circumstances would [RSF's Advertising Material] … be likely to produce confusion among consumers *caused by the use [of] a trademark or a trade name*."  *Del. Solid Waste Auth.*, 2002 WL 537691, at *5 (emphasis in original); *accord Mitchell*, 2014 WL 4925150, at *8 ("Mitchell Lane has not asserted any theory under the Act beyond pointing to similarities between Purple Toad's books and Mitchell Lane's books while alleging confusion in the market.  That argument is not enough to succeed on a deceptive practices claim.").  Thus, SpoonfulONE fails to state a claim and, therefore, is not entitled to injunctive relief.  Accordingly, the Court should dismiss SpoonfulONE's claim under Section 2532(a)(2) and (a)(3).

For the reasons stated above, the Court should dismiss Count IV of the Second Amended Complaint in its entirety.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Plaintiffs' Second Amended Complaint with prejudice.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Prollergy*
Dated:  September 8, 2022          *Corporation d/b/a Ready, Set, Food!*

25

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Defendant's Opening Brief in Support of Its Motion to Dismiss complies with the type, font, and word requirements set forth in the Court's November 6, 2019 Standing Order regarding Briefing in All Cases. The text of the brief, including footnotes, was prepared in 14-point Times New Roman font and contains 5,498 words.

<div style="margin-left:50%">

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com

</div>

Dated:  September 8, 2022